The opinion of the court was delivered by
Horton, C. J.:
On August 24, 1881, defendant in error (plaintiff below) filed his bill of particulars against plaintiff in error (defendant below), before a justice of the peace of Saline county, in the following words, omitting title and the name of the justice:
“The plaintiff says, that during the summer of 1881, at numerous times, the defendant did unlawfully enter, and direct to be entered, the following premises: The N.J of N.W. -j- of sec. 1, town fourteen, south, of range six, Ellsworth county, Kansas; and at different times did destroy, or cause to be destroyed, grain growing on tbe premises above described, by tramping down a strip of wheat one-half mile long and one rod wide. The plaintiff believes he has been damaged in the sum of twenty-five dollars, and costs of this suit.”
A trial was had, and after the introduction of the evidence the justice allowed the bill of particulars to be amended by an allegation that the plaintiff below was, and is, the lawful owner of the land described therein. The justice rendered judgment in favor of the plaintiff for the sum of $13, with costs. The defendant then took the ease to the district court ■of Saline county, on a petition in error, and upon a hearing thereon the judgment of the justice was affirmed. The defendant brings the case here, and asks to have the judgments *350 of the district court, and of the justice, reversed and vacated for alleged errors.
It is urged that the bill of particulars is fatally defective. In support of this objection, it is said that it does not appear that the plaintiff below had any possession of the premises, and as the premises described in the bill of particulars are situate in Ellsworth county, that the action should have been brought in that county instead'of Saline county. The objection as to the venue of the trial is without merit. The record shows that the summons was duly served in Saline county, and the action is one of those which' may be brought in the coiinty where the defendant resides or may be summoned.
The bill of particulars, even with the amendment, appears to have been very loosely drawn, but still we hardly think it fatally defective. Fairly construing all the pleadings, possibly we should say that the plaintiff below was in the possession of the property. If so, he was entitled to recover if the evidence sustained the averments of the bill of particulars. Where one is in the actual and peaceable possession of real estate, he may recover for injuries to growing crops, whether he be in fact the owner or entitled to the possession of real estate or not. (Caldwell v. Custard, 7 Kas. 303.)
The defendant below filed an affidavit under oath, setting forth therein the defense that title and boundary were in question, and upon the affidavit and answer, asked that the action should be stayed before the justice, and that the justice should certify the case to the district court of his county. The justice refused so to do, and this ruling is also alleged as error. The record in the case does not purport to contain all the evidence introduced on the trial, and we cannot say upon the record that the action was one that the justice ought to have certified up. Justices have jurisdiction in actions for trespass on real estate where damages demanded for such trespass do not exceed $100. In this case the amount claimed was only $25. If it appeared at the trial that the boundaries of the land were not in dispute in the action, no error was committed in re *351 fusing the stay applied for. The mere filing of an answer, stating that the boundaries of the land are in dispute, although verified as required by §7 of civil procedure before justices, will not necessarily oust the justice of jurisdiction.
The judgment will be affirmed. .
All the Justices concurring.