## Julius T. Edwin, J. L. Murphy, Carmi A. Miller, Joseph Riva and Martin Delmagro v. Benjamin F. Cox, for the use of Nathan Jacobson.

1. REPLEVIN BOND—*Effect of, When not Under Seal.*—An instrument in the form of, and intended as a replevin bond, containing the recitals of such a bond with the statement that it was under the hands and seals of the obligors, but not in fact under seal, yet, which filled the office of a replevin bond and secured the execution of the writ, must be held as a contract of indemnity and receive the same construction as a statutory replevin bond for which it was intended.

2. PRACTICE—*Suit for the Use of Another.*—A plaintiff may bring

his suit for the use of whom he pleases. It is a matter of no concern of the defendant.

3. ATTORNEY FEES—*Must be Declared for in the Declaration.*— In a suit upon a replevin bond, etc., to recover expenses for attorney fees as damages, the plaintiff must lay the proper foundation for such a recovery by proper allegations in his declaration.

4. REPLEVIN—*Return of the Goods Awarded—Defendant Bound to Receive a Part.*—When, in a replevin suit, a return of the property is awarded, the plaintiff may return a part of the goods, provided they are separable from and in no way dependent upon the others for use or value, and if they are in the same condition as when taken, the defendant will be bound to receive them. Such a return will be a defense *pro tanto* to a suit on the bond.

**Suit on a Replevin Bond.**—Appeal from the Circuit Court of Bureau County; the Hon. GEORGE W. STIPP, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed December 10, 1895.

GIBONS & GIBONS and J. L. MURPHY, attorneys for appellants.

ALBERT R. GREENWOOD, attorney for appellee, contended that actions at law upon contracts of indemnity, from which the seals have been omitted, may be maintained. Keely v. McCormick, 28 N. Y. 318; Board of Commissioners v. Tower et al., 28 Minn. 45; Shaw et al. v. Tobias, 3 N. Y. 188; The United States v. Linn et al., 1 Pet. 290.

Reason and justice forbid to the obligor such an advantage of his own act to the prejudice of the other party, after having enjoyed the full benefit of the object of the contract. Henkleman v. Peterson et al., 50 Ill. App. 601.

Attorney's fees may be recovered. Hart v. Wendell, 26 Ill. App. 274; Siegel v. Hanchett, 33 Ill. App. 634; Ryan v. Anderson, 25 Ill. 372; Wisner v. Butler, 43 Ill. 470; Dolby v. Campbell, 26 Ill. App. 502; Rev. St. Ill., Sec. 22, Chap. 119; 2 Sutherland on Damages, 42–43.

Damages may be given for liability to pay attorney fees. Siegel v. Hanchett, 33 Ill App. 634.

Where the sheriff sues on a replevin bond it is nothing to defendant for whose use the action is brought. Atkin v. Moore, 82 Ill. 240.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPIN-
ION OF THE COURT.

Appellee brought this suit for the use of Nathan Jacob-
son, upon an instrument purporting to be a replevin bond
given to appellee as sheriff of Bureau county, Illinois, in a
suit instituted by the appellant, Julius T. Edwin, against
said Jacobson and one Samuel Ludwinoski, in the Circuit
Court of said Bureau county, for the recovery of a stock of
goods and fixtures.   Upon the trial of the replevin suit the
plaintiff in that suit was defeated, and there was judgment
for defendants for one cent damages and costs of suit, and a
return of the property was awarded to the defendant,
Jacobson.   The judgment was not complied with in either
particular, and this suit followed.   It was charged that
Edwin had not paid said damages or costs or made return
of the property, and there was a trial, resulting in a judg-
ment for $800 debt, the amount of the penalty, and $670.43
damages.

The instrument was admitted in evidence, against the
objection of defendants.   It is insisted that this was wrong
because the seals of the obligors were omitted, and be-
cause it was not conditioned for the return of the property
unless such return should be awarded to the defendants in
the replevin suit jointly, and therefore there had been no
breach of the condition in not making a return awarded to
Jacobson alone.   Although the instrument was not a bond
because of the omission of seals, a suit could be main-
tained upon it; and the objection that there was no breach
because a return was awarded to only one, did not extend
to the failure to pay the damages and costs, which were
adjudged to both.   The objection was properly overruled.
The suit was brought for the use of Jacobson alone, but
plaintiff could bring it for the use of any person he might
choose, and that matter was no concern of defendants.
Atkins v. Moore, 82 Ill. 240.

The instrument was plainly intended as a replevin bond.
It was in the form and contained the recitals of such a bond,
with the statement that it was under the hands and seals of

the obligors. It filled the office of a replevin bond and secured the execution of the writ and the taking of Jacobson's goods. We think that its provisions as a contract of indemnity should receive precisely the same construction as a statutory replevin bond for which it was intended. The plain intention of the statute is that the bond shall secure the return of the property to whatever defendant the judgment of the court shall award it, and when considered with that effect there was a breach of the condition to make ·return.

Evidence of expenses for attorney's fees incurred by Jacobson in the replevin suit was admitted against objection, and the second instruction given at the request of plaintiff directed the jury to include them in the damages. Plaintiff might have recovered such expenses as damages if he had sued for them, but the declaration made no charge that plaintiff had incurred any such expense or suffered any damage except from a failure to pay the one cent and costs and to make the return. As there was no foundation in the pleadings for the evidence it should not have been admitted.

The fourth instruction was bad, because it told the jury that Jacobson was not bound to receive a part of the goods if offered to him. There was evidence that a substantial part of the goods were so offered. Their condition was a matter of dispute, but if they were in the same condition as when taken the plaintiff would be bound to receive them. Harts v. Mundell; 26 Ill. App. 274.

The goods claimed to have been offered were separable from the others, so that they were in no way dependent on the others for use or value, and if not injured or damaged a return of such part would be a defense *pro tanto*.

The judgment will be reversed and the cause remanded.