## J. D. LARABEE v. J. B. C. COOK.

### No. 229.

SURETIES—*Conditions of Bond—Increase of Obligation.* "The law will not increase or enlarge the terms of an undertaking to the prejudice of its signers, or create a liability against the sureties which they did not intend to incur, and which is not within the express conditions of the undertaking." (*Edwards v. Ellis*, 27 Kan. 348.)

Error from Stafford district court; ANSEL R. CLARK, judge. Opinion filed May 16, 1899. Affirmed.

*J. W. Rose*, for plaintiff in error.

*Moseley & Dixon*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: J. D. Larabee commenced an action in replevin against L. A. Hall, in the district court of Stafford county, to recover certain personal property on which Larabee held a chattel mortgage. A redelivery bond was executed, signed by J. B. C. Cook, defendant in error, and others, conditioned as follows:

"Now, we, the undersigned, residents of said county, bind ourselves to the said plaintiff in the sum of three thousand dollars, that said defendant shall deliver to the said plaintiff the property herein returned to him, if such delivery be adjudged, and pay all costs and damages awarded against him in said action."

The property was valued at $1080.76. Upon the final trial the amount of Larabee's interest in the property was found to be $924.16, with interest. The costs amounted to $474.92. Execution was issued, the costs were paid in full, $605.84 in cash was paid

on Larabee's interest, and property described in the redelivery bond and valued at $231 was turned over to the sheriff by L. A. Hall. There was no judgment for damages. The issue in this case is clearly stated in the brief of defendant in error, as follows:

"Plaintiff contends that the judgment obtained in the replevin action should not be credited with any property that was returned under the execution, but only by the actual amount that such property subsequently brought at forced sale by Larabee under his chattel mortgage (which was eighty-eight dollars). Defendant, on his part, contends that by a return of any part of the property his obligation on the redelivery bond is *pro tanto* fulfilled. He also claims that under the conditions of his bond he never in any manner, by implication or otherwise, assumed or agreed to pay Hall's indebtedness to Larabee or guaranteed that the property in dispute would sell for an amount equal to Larabee's interest therein."

The contention of the defendant in error is correct. There was no judgment for damages. The property was described, itemized and a value placed on each article in the redelivery bond at the time it was executed. Under the conditions of the bond, when the property, or any part of it, was returned, the obligation of the sureties created by the bond should be reduced to the extent of the property returned, at the value designated in the bond. In the case of *Edwards v. Ellis*, 27 Kan. 348, the supreme court said:

"It is well settled that the law will not increase or enlarge the terms of an undertaking to the prejudice of its signers, or create a liability against the sureties which they did not intend to incur, and which is not within the express conditions of the undertaking." (*Henrie v. Buck*, 39 Kan. 381, 18 Pac. 228; *Hays v. Closon*, 20 Kan. 120; *Brock v. Bolton*, 16 S. E. 370.)

The judgment of the district court is affirmed.