### KIRK JOHNSON ET AL. v. JAMES H. MASON.

Argued June 2, 1903—Decided November 9, 1903.

1. In an action on a replevin bond conditioned for the delivering to the plaintiffs of a piano "in as good condition" as it was at the time of making the claim, an instruction that they were not bound to accept the piano unless it was "received in the same condition or as good condition as it was at the time it was replevied from the sheriff," is proper.

2. A request to charge that the defendant was not bound to return the property in as good condition as it was when it was replevied, but that if it was at the time tender was made in as good condition, reasonable wear and tear excepted, the verdict should be for the defendant, was properly refused; it appearing that the piano had been in the possession of the principal of the bond in the meantime.

3. Where the condition of a piano at a certain time is in issue, evidence of its condition two years subsequent to the bringing of the action is inadmissible.

---

On error to the Court of Common Pleas of Atlantic county.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiff in error, *Thompson & Cole.*

For the defendants in error, *George A. Bourgeois.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action brought against Mason as one of the sureties on a replevin bond, given by the defendant in an action in which Kirk Johnson & Company were plaintiffs and one George H. Fletcher was the defendant. The condition of the bond was that "if the said George H. Fletcher shall deliver the said goods and chattels in as good condition as the same were at the time of making said claim to the said Kirk Johnson & Company or their lawful representatives, &c., then the obligation to be void; otherwise, to remain in full force and virtue."

The first assignment of error is to the charge of the court that if the property taken under the writ of replevin was tendered to the plaintiffs (as was claimed by the defendant), they were not bound to accept it unless it was returned "in the same condition or as good condition as it was at the time it was replevied from the sheriff." The contention is that the judge should have used the language contained in the condition of the bond, viz., "in as good condition." It seems to us that this is what he did, in substance. If, when the tender was made, the property (a piano) was in the same condition as it was at the time when it was replevied, the provision of the bond was accurately complied with; for, if it was in the same condition, it necessarily was in as good condition. It might, however, have been in better condition, by reason of work done upon it after it had been replevied; a return in that condition would also have been a compliance with the bond.

The next assignment is that the trial judge erred in refusing to charge the jury that the plaintiffs admitted that the defendant offered to return the piano and that they refused to accept it, and that this offer and refusal amounted to a tender at law. This request was properly refused, being based upon a misstatement of fact. An examination of the bill of exceptions shows that the plaintiffs did not admit any offer on the part of the defendant to return the property before suit brought or at any other time.

Another assignment is that there was error in the refusal of the trial judge to charge the jury that the defendant was not bound to return the property in as good condition as it was at the time when it was replevied, but that if it was, at the time when the tender was made, in as good condition except for the depreciation caused by ordinary wear and tear, their verdict should be for the defendant. This request was also properly refused. In the first place, it assumes as an admitted fact that there was a tender of the property by the defendant to the plaintiffs, whereas, as has already been stated, that fact was in controversy between the parties. In the second place, the evidence showed that the piano was in the possession of Fletcher from the time when it was replevied up to the commencement of this suit, and that during that period it was used with more or less frequency. A tender of the piano in a worse condition than it was in when Fletcher took possession of it under the writ of replevin, the depreciation being due to the ordinary wear and tear result-ing from use, would not fulfill the requirement of the bond.

The last assignment is to the refusal of the court to admit certain testimony as to the condition of the piano. As this testimony related to the condition in which it was at a time nearly two years subsequent to the bringing of this suit, it was properly rejected.

The judgment should be affirmed.