ELZY ERVIN, APPELLANT, V. WILLIAM P. MONTGOMERY, APPELLEE.

FILED APRIL 13, 1909.    No. 15,461.

**Replevin:** ACTION ON SUPERSEDEAS BOND: DEFENSES. In an action of replevin, judgment went against the plaintiff for a return of the property, for damages for wrongfully withholding the same, and

for costs. Plaintiff executed a supersedeas bond intending to appeal to the supreme court, but no appeal was perfected. In a suit on the bond against the surety, he pleaded and proved an offer to return the property in substantially the same condition as when taken. *Held*, That this was a good defense to the extent of the value of the property fixed by the judgment in the replevin action.

APPEAL from the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

*Edwin F. Warren, for appellant.*

*John C. Watson, contra.*

DUFFIE, C.

One Botts replevied from the possession of the plaintiff a wood-sawing machine, one horse and a set of harness. Two trials of the case were had, one in the county court where the action was commenced, and one in the district court for Otoe county. Ervin, the plaintiff herein, prevailed on both trials. Judgment in his favor was entered in the district court for a return of the property, and, in default thereof, for its value, fixed by the jury at $339.70, and damages for the wrongful withholding by Botts, found by the jury to be 5 cents, and for the costs, taxed at $132.18. Botts gave a supersedeas bond for the purpose of appealing to this court. Montgomery signed said bond as surety. This suit is upon the bond. The petition alleges that no appeal to this court was ever taken; that Botts died in May, 1904, a short time after the bond was executed; that he left no estate to be administered upon, and was at the time of his death wholly insolvent. The answer is, first, a general denial; and, second, that, shortly after the death of Botts, the defendant tendered to the plaintiff a return of the property to be delivered at any place in Nebraska City that plaintiff might designate, and in substantially the same condition as when taken on the writ of replevin, and that plaintiff refused to accept the

property or any part thereof, and that defendant has been ready at all times since, and is now ready, to return said property to the plaintiff, if he will accept the same.

A trial was had to the court, and on the trial the defendant made the following offer: "The defendant, William P. Montgomery, offers and tenders the offer in court of the property that is mentioned in the notice served by the sheriff on the plaintiff, and will deliver the same at his own cost at any place that the plaintiff may designate in Nebraska City, and he offers to pay all costs of this case, and all costs in the replevin case in the case of Botts against this plaintiff, Ervin, in the county court and in the district court, and offers to pay 5 cents damages, and the defendant further states to the court and to the counsel that the horse cannot be delivered because the same is dead, but he will pay the value of the horse into court." In answer to this tender the plaintiff said: "The plaintiff objects as immaterial and irrelevant to the issue to this action, no tender heretofore having been proved of the property in controversy, and counsel stating that all the property cannot be so returned, and the judgment in this case being for a gross sum wherein the several articles replevied are not specifically valued. For the present the plaintiff will stand mute as to refusing or accepting the offer." The court found the issues in favor of the defendant, and that on the 28th of May, 1904, the defendant tendered the plaintiff all the property taken from him by the writ of replevin in the case of *Botts v. Ervin* in substantially the same condition it was in when taken; that the tender has been kept good, except as to the horse, which was of the value of $10; that said tender has resulted in a satisfaction *pro tanto* of the judgment in said cause of *Botts v. Ervin*. Judgment was thereupon entered in favor of the plaintiff against the defendant for $132.18, the cost in the replevin action, and 5 cents damages, and the further sum of $10, the value of the horse, which could not be returned, together with the costs in this action. From this judgment plaintiff has appealed.

A review of the evidence would serve no useful purpose. It sufficiently appears that, a few days after the death of Botts, the defendant herein made a written offer to return all the property taken on the writ of replevin, and to make such return at any place in Nebraska City, (where the property was situated when replevied) as the plaintiff might designate. We are inclined to believe that the failure of plaintiff to say where he would accept a return of the property was equivalent to a refusal to accept, and certainly his standing mute when the tender of the full amount of the judgment and value of the horse, which had died, was made on the trial does not add to his equities in the matter.

The judgment is sufficiently supported by the evidence, and we recommend its affirmance.

EPPERSON, GOOD and CALKINS, CC., concur.

BY THE COURT: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.