WILLIAM E. WALLACE, APPELLEE, V. A. W. COX ET AL., APPELLANTS.

FILED NOVEMBER 13, 1912. No. 17,068.

1. **Replevin:** JUDGMENT FOR DEFENDANT: RETURN OF PROPERTY. Where, in an action of replevin, the property in dispute is delivered to the plaintiff upon the execution of a proper bond, and the trial results in a judgment in favor of the defendant for a return of the property to him, it is the duty of the plaintiff to return the possession of the replevied property to the defendant within a reasonable time in substantially the same condition as when taken, without deterioration in value.

2. ——: ——: ——: DAMAGES. In case the replevied property is not redelivered or tendered back within a reasonable time, and, when tendered, is greatly diminished in value by use while in the possession of plaintiff, the defendant may refuse to accept or receive the property, and bring suit on the replevin bond. The measure of damages will be the value of the replevied property as found and adjudged in the replevin action, plus the costs therein, with interest.

APPEAL from the district court for Webster county: HARRY S. DUNGAN, JUDGE. *Affirmed on condition.*

*Bernard McNeny* and *E. U. Overman,* for appellants.

*L. H. Blackledge, contra.*

REESE, C. J.

This action was instituted in the district court for Webster county. It is alleged in the petition that on the 17th day of July, 1909, the Clark Implement Company, a corporation, commenced an action in that court against the plaintiff to recover the possession of certain specific personal property, which is shown to be a threshing machine and traction engine; that an order of delivery was issued, the property of the value of $2,000 taken, when a replevin bond in the sum of $4,000 was duly executed by the plaintiff in the action; that upon the trial of said cause such proceedings were had as resulted in a finding in favor of the plaintiff in this action, assessing his damages at the sum of $404.50; that the right of property and of possession were in this plaintiff, which was of the value of $2,000; that judgment was rendered in favor of this plaintiff for the said sum of $404.50, with costs taxed at $121.60, and for a return of the property, or, in lieu of such return, the value thereof, to wit, $2,000; that "defendant has not returned nor offered to return said property in the same, or substantially the same, condition in which it was taken, and no part of said judgment has been paid;" that "an execution was issued * * * on said judgment in favor of this plaintiff, which was returned wholly unsatisfied." The action is founded on the replevin bond to recover the sum of $2,526.10, being the value of the property, damages, interest, and the costs of the former suit.

The defendants Cox and Boyd answered, admitting the averments of the petition as to the prior suit and the judgment rendered therein, but allege that, after the termina-

tion of said action, the property involved in the suit was all returned to plaintiff, and in better condition than when taken under the writ of replevin. All unadmitted allegations are denied. Defendant the Clark Implement Company filed its separate answer, but which is substantially the same as that filed by Cox and Boyd. The replies are general denials. The cause was tried to a jury; the result being a verdict and judgment in favor of plaintiff for the sum of $2,686.33. A motion for a new trial having been made, overruled, and judgment entered, defendants appeal.

Some objection is made to the above quoted part of the petition, and it is contended that the use of the word "substantially" so militates against the other averments as to render them ineffectual as an allegation that the property had not been returned. As we view the case, the objection is not of much importance, as there is no contention that the property was not returned. While it is admitted by plaintiff that the property was returned, it is insisted that it was not returned in the same condition as when taken from him under the writ, and that he refused to accept it. The theory upon which the case was tried by plaintiff was that the property was not returned within a reasonable time, and, when it was returned, it was in so badly damaged a condition as to relieve plaintiff from the duty of accepting it, and gave him the option of rejecting it and suing upon the bond for the value as found and adjudged on the trial of the replevin suit. It is contended by defendants that plaintiff has no option, but must receive the property, and could then sue for the difference in its value between what it was when taken and at the time of the return. To the extent of submitting to the jury the question of the condition of the property when returned, the court adopted plaintiff's view of the law. If the court was right in this, the language of the petition to which objection is made becomes unimportant.

The trial of the replevin case was had in November, 1909, the final judgment being rendered on the 1st day of December of that year. The action was commenced in

July, 1909, the replevin bond bearing date the 19th, at which time the property was delivered to defendants. Defendants returned the property to plaintiff on or about the 25th of February, 1910, and, when examined by plaintiff and others called by him for that purpose, he gave to defendants a notice in writing that he would not accept it. This notice is dated the 26th of February, 1910, and refers to the tender of return having been made the day before. While there is a sharp conflict in the evidence as to the condition of both the separator and engine at the time the return was tendered to plaintiff, as compared with their condition when taken under the order of replevin, there is sufficient to sustain the finding of the jury that both were very materially injured by wear and breakage, and that their value was reduced probably one-half by reason of their impaired condition. So far as is shown by the record, they had been in the possession of defendants from the 19th day of July, 1909, until the 25th day of February, 1910, and there seems to be no doubt that they had been put to use during the threshing season while in defendants' possession.

It is fundamental that, where a judgment in an action of replevin is against the plaintiff, it is his duty to return the property to the defendant within a reasonable time in substantially as good condition as when taken, and this would satisfy the judgment in so far as the return had been ordered if the property was accepted by the defendant, but it would not cancel the money judgment for damages, nor would it deprive the defendant of his action for depreciation of the value of the property while out of his possession. While this is all true, yet the duty of returning the property within a reasonable time and in substantially an unimpaired condition should be performed, and it does not lie with the plaintiff in the action, after long delay, to return property badly damaged by use or otherwise, compel the defendant to accept it, and then litigate the question of damages in another action. Our statute does not provide that the property shall be returned

in the same condition as when taken, as in some states, but the holding is practically uniform that such a statute is not necessary, as we have in effect held.  Some of the authorities sustaining these views we here cite, but without quoting from any:  *Eickhoff v. Eikenbary,* 52 Neb. 332; *Berry v. Hoeffner,* 56 Me. 170; *Parker v. Simonds,* 8 Met. (Mass.) 205; *Capital Lumbering Co. v. Learned,* 36 Or. 544; *Childs v. Wilkinson,* 15 Tex. Civ. App. 687; *Fair v. Citizens State Bank,* 69 Kan. 353; *Douglass v. Douglass,* 21 Wall. (U. S.) 98; *Pittsburgh Nat. Bank of Commerce v. Hall,* 107 Pa. St. 583; 34 Cyc. 1551, 1552; Cobbey, Replevin (2d ed.) sec. 1182; Wells, Replevin (2d ed.) sec. 422; Shinn, Replevin, sec. 679.  In some of the cases cited, and in the citations from Wells and Shinn, it is said that the party returning may do so, even if the property is depreciated in value, and leave the one to whom the return is made to his action on the bond for the deficiency, but we apprehend that in order to secure this right, if it may be so secured, the return must be had within a reasonable time, which would be soon after the judgment.  In this case the offered return could scarcely be said to be within a reasonable time.

Where the property is not returned, the plaintiff's measure of damages is its value when taken under the writ, with legal interest thereon from the date of the wrongful taking by the plaintiff in replevin, but, in that event, the successful defendant must be content with a recovery of the value at the time it was taken from him, with legal interest to the time of the trial, and he can have nothing further in the way of damages.

In *Romberg v. Hughes,* 18 Neb. 579, it is said, the late Judge MAXWELL writing the opinion of the court: "It is only in cases where a return of the property is had that the party to whom the property is returned is entitled to damages for the detention.  The rule allowing the value of the use is peculiar to replevin, and grows out of the fact that the party to whom the property is awarded seeks to recover the property itself, and not its value.  In such

case, when the property is returned, the party to whom
the return is made is entitled to the damages awarded for
the detention. If, however, a verdict is rendered for the
value of the property, the action in that regard being one
for damages only, the measure of damages is the value of
the property as proved, together with lawful interest there-
on from the date of the unlawful taking." See, also, *Ault-
man, Miller & Co. v. Stichler*, 21 Neb. 72.

Since the jury in the replevin suit found the value of the
property in dispute to be $2,000, and upon which the judg-
ment was rendered, and the same was not appealed from,
that must be the limit of plaintiff's recovery, with legal
interest from the time the property was taken under the
writ.

The judgment of the district court will therefore be re-
versed and the cause remanded, unless the plaintiff within
60 days from the rendition of the order hereby made remits
from the judgment the sum of $404.50 as of the date of the
judgment in this case. If such remittitur is filed, the
judgment of the district court for the sum of $2,121.60,
with interest at 7 per cent. on $2,000 from the 19th day of
July, 1909, will be affirmed, but at the costs of the appellee.
The effect of the affirmance of the judgment in this case, as
modified, will be a satisfaction of the judgment of Decem-
ber 2, 1909.

AFFIRMED.

SEDGWICK, J., dissenting.

This plaintiff refused to receive a return of the prop-
erty replevied. That refusal is the cause of this lawsuit.
Was he justified in law in so refusing? That is the ques-
tion to be answered in the opinion.

1. I think the opinion construes the statute incorrectly,
as hereinafter stated; but, even as the law is stated in
the opinion, the petition and the evidence both failed to
make a case for the plaintiff, because they did not allege
or prove that there is any other or different damage to the
property than that which the jury allowed in their ver-

dict in the replevin action. The allegations of the petition in this regard are only: (a) That in the replevin action "judgment was rendered for the defendant in the sum of $404.50 damages." (b) That the property was not returned "in the same, or substantially the same, condition in which it was taken." This clearly does not state a cause of action; that is, it does not state any reason for refusing a return of the property. The allegations clearly amount to saying that, because of damages which the jury in the replevin action allowed, the property was not in the same, or substantially the same, condition in which it was taken. This is as plain as though the petition had alleged that the defendant recovered $404.50 damages, and therefore his property was not in the same condition as when it was taken. The evidence is substantially the same as the petition, and therefore there is no occasion for any liberal construction of the petition. The evidence and the rulings of the trial court show plainly that the court tried the case upon the incorrect theory that this plaintiff would be justified in refusing to receive a return of the property if he could show that the property was not in the same condition when it was returned as it was when it was replevied, without regard to the fact that he had been allowed $404.50 because of the change in the condition of the property.

2. Section 191 of the code provides that when the property replevied has been delivered to the plaintiff, and the jury finds for the defendant, "they shall assess such damages as they think right and proper for the defendant." Similar words, as to the damages to be allowed, are also found in section 190 of the code. Section 191a of the code, which was enacted in 1873, uses somewhat different phraseology, but there is no reason for supposing that the legislature intended thereby to change the law in regard to the measure of damages. If the property replevied is delivered to the plaintiff and the plaintiff has damaged the property in any way while so in his possession, there seems to be no doubt that the defendant may upon the

trial of the replevin action recover such damages. If the plaintiff has a judgment against him for a return of the property, he must pay the damages which the jury has awarded against him for injuries to the property while in his possession. If he fails to return the property at once, and retains it, and the property is damaged in his possession while he retains it after the judgment in replevin, a different question is presented, which is not involved in this case. In this case the plaintiff retained the property from the time it was replevied in July until the trial in the following December, and upon the trial the jury assessed damages against him in the sum of $404.50. It is stated in the verdict that this is for the use of the property while in the possession of the defendant. The defendant in replevin, who is now the plaintiff in this action, is allowed to recover these damages, and also the value of the property as it was, after it had been so damaged, and this appears to be wholly upon the ground that the plaintiff in the replevin action returned the property in a damaged condition; so it appears that the property has been damaged; that the jury has fixed the amount of the damages; the plaintiff in replevin is compelled to pay it, and was required, and, of course, was allowed, to return the property as it was, after the damages were incurred which he is required to pay. The opinion says that, "while it is admitted by plaintiff that the property was returned, it is insisted that it was not returned in the same condition as when taken from him under the writ," but, if the property is damaged while the replevin action is pending and he recovers those damages in the replevin action, he cannot refuse to receive the property because of those damages. The opinion cites numerous authorities, some of which have no relation to the law point discussed in the opinion, and others are said in the opinion itself to hold a contrary doctrine. It fails to cite *Teel v. Miles*, 51 Neb. 542, and other decisions of this court which are flatly overruled by this opinion.

3. Again, it is said in the opinion that the petition al-

leged: "Defendant has not returned nor offered to return said property in the same, or substantially the same, condition in which it was taken." The allegation is subject to criticism for duplicity. It is neither a direct allegation that the property was not returned, nor is it a direct allegation that when returned it was not in the same condition as when it was taken; and, if it could be construed as an allegation that it was not in the same condition as when taken, that allegation would be wholly immaterial, since it is conceded by everybody, and so found by the jury in the replevin action, that after it was taken it was damaged in the sum of $404.50, and that the plaintiff in the replevin action must pay that amount to the defendant therein and return the property as it was at the time of the trial in the replevin action. In the view of the law stated (I think incorrectly) in the opinion, it should be shown at least that the property was damaged more than the amount which the plaintiff in that action was required to pay him on account of the damage, and should show that that damage was not included in the verdict of the jury in the replevin action.

4. It is said in the opinion that "the offered return could scarcely be said to be within a reasonable time." There is no allegation in the petition that the return was unreasonably delayed, and there is no attempt in the evidence to sustain the action upon that ground. It is not mentioned in the brief. The judgment was entered in December, and the property was returned in the following February, less than two months. The defendant in this action testified that the roads were bad at that season of the year, and that it was returned as soon as the roads were passable. The plaintiff also testified that the property was returned as soon as the roads were good, and never at any time made any objection on account of the delay.

I think the judgment of the district court should be reversed.