[No. 10773. Department One. May 6, 1913.]

HALLIDIE MACHINERY COMPANY, *Respondent*, v. WHIDBEY
ISLAND SAND & GRAVEL COMPANY *et al., Appellants.*[1]

REPLEVIN—ACTION ON BOND—DEPRECIATION IN VALUE—EVIDENCE—SUFFICIENCY. In an action on a redelivery bond in replevin, the jury is warranted in finding that machinery delivered to a sand and gravel company was not in substantially as good condition twenty-seven months thereafter, where there was evidence that it was used to a large extent during that period, and exposed to the elements to a considerable extent and was very much worn.

SAME—RETURN OF PROPERTY—DEPRECIATION IN VALUE—ALTERNATIVE JUDGMENT—SATISFACTION. The plaintiff in replevin, upon recovering judgment for the return of the property, or its value if it cannot be returned by defendant, who retook under a redelivery bond, is entitled to its return in substantially as good condition as when delivered to the defendant, under Rem. & Bal. Code, § 711, although the statute does not in terms require its return in such condition; in view of Id., § 434, authorizing either party to insist upon a judgment in the alternative for a return or its value to be determined by the judgment; hence a return in substantially worse condition than when received, if refused, is not a *pro tanto* satisfaction of the judgment for its value.

PLEADING—DEPARTURE—REPLY. In an action on a redelivery bond, the complaint alleging a failure to return the property and the answer setting up a tender of such return, it is not a departure in pleading for the reply to admit the tender and allege that the tender was refused owing to depreciated value of the property while in defendant's possession.

[1]Reported in 131 Pac. 1156.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered March 19, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon a redelivery bond. Affirmed.

*Craven & Greene*, for appellants.

*Hughes, McMicken, Dovell & Ramsey* and *Otto B. Rupp*, for respondent.

PARKER, J.—The plaintiff, Hallidie Machinery Company, seeks recovery from the defendants, Whidbey Island Sand & Gravel Company, as principal, and United States Fidelity and Guaranty Company, as surety, upon a redelivery bond executed by them in an action prosecuted by the machinery company against the sand and gravel company under the claim and delivery statutes. The plaintiff rests its right to recover upon the alleged failure of the sand and gravel company to return the property to the plaintiff in compliance with the conditions of the redelivery bond and judgment rendered in that action in its favor. A trial before the court and a jury resulted in a judgment and verdict in favor of the plaintiff in the sum of $2,296.30 damages, from which the defendants have appealed.

Prior to February 19, 1909, respondent commenced an action in the superior court for Whatcom county against appellant Sand and Gravel Company to recover possession of certain machinery, and caused the seizure thereof by the sheriff upon the execution of the usual bond and affidavit required by the claim and delivery statute, Rem. & Bal. Code, §§ 708, 709. On that day, appellant Sand and Gravel Company, as principal, and the guaranty company, as surety, executed in that action the redelivery bond here sued upon, conditioned as required by Rem. & Bal. Code, § 711, and thereby secured the return of the property to appellant Sand and Gravel Company. That action proceeded to trial before the court without a jury, resulting in judgment in usual

form in the alternative in favor of the respondent, awarding to it the property, and if delivery thereof could not be had, that respondent recover of appellant Sand and Gravel Company the value of the property, which was determined and fixed by the court in that judgment. Upon appeal from that judgment, it was affirmed by this court, our decision being reported in *Hallidie Mach. Co. v. Whidbey Island Sand & Gravel Co.*, 62 Wash. 604, 114 Pac. 457, where a more detailed history of the case may be found. On June 7, 1911, which was very soon after the filing of the remittitur from our decision in the superior court, appellant tendered to respondent the machinery, claiming such tender to be in compliance with the redelivery bond executed by it in the claim and delivery action. Respondent refused to accept that tender, and seeks to justify its refusal upon the ground that the machinery was, at the time of the tender, not in substantially the same condition in which it was when redelivered to the appellant Sand and Gravel Company under the redelivery bond, but was, at the time of the tender, in a greatly depreciated condition and practically worthless, by reason of its use by appellant Sand and Gravel Company and its exposure to the elements during the period from its redelivery to appellant Sand and Gravel Company on February 11, 1909, until its tender to respondent on June 7, 1911. On July 12, 1911, this action was commenced against appellants upon the redelivery bond, seeking recovery of damages measured by the value of the property as fixed by the court in the judgment in the claim and delivery action.

It is contended by counsel for appellants that the evidence introduced was not sufficient to warrant the jury in concluding, as it manifestly did, that the machinery was not in substantially as good condition at the time of the tender as when it was reclaimed by appellant Sand and Gravel Company under the redelivery bond. We think it sufficient to say, in answer to this contention, that we find ample evidence, if believed by the jury, to warrant them in concluding that the

machinery was in fact very much depreciated in value, and not near in such good condition as it was when appellant Sand and Gravel Company reclaimed it under the redelivery bond. There was a period of some twenty-seven months elapsed from the date of reclaiming the property under the redelivery bond until return thereof was offered to be made, during which period the machinery was used to a large extent by appellant Sand and Gravel Company in its plant, and during which period it was also to a considerable extent exposed to the elements, causing depreciation by rust and the usual results of such exposure. There was also competent testimony tending to show that portions of the machinery was very much worn, and that all of it was in some degree worn. We conclude that we cannot disturb the judgment because of want of evidence to support the jury's conclusion upon this question.

Counsel for appellants contend that respondent was bound to accept return of the property when tendered, even though it may not have been in substantially as good condition as when it was reclaimed by appellant Sand and Gravel Company under the redelivery bond, and that respondent's only remedy was an action for damages measured by the difference, if any, between the value of the property when reclaimed by appellant Sand and Gravel Company and when tendered to respondent. The trial court gave to the jury, among other instructions, the following:

"If you find from the evidence that the property when tendered by the defendant, Whidbey Island Sand & Gravel Company, on or about June 6, 1911, was substantially in the same condition that it was when possession of the same passed to the defendant Whidbey Island Sand & Gravel Company on or about February 19, 1909, under and by virtue of the redelivery bond mentioned, then it becomes the legal duty of the plaintiff to accept the property, and in such case you should find for the defendant.

"If you find from the evidence by a fair preponderance thereof that the property when so tendered was so worn from

use and the operation of the same by the defendant after the execution of the redelivery bond, and was damaged after that time by the action of the rains, winds and salt water, or in either of these ways, so that the same was not in substantially the same condition it was when received by the defendant Whidbey Island Sand & Gravel Company under the bond, then and in such case, you are instructed that the plaintiff was under no legal obligation to receive the property, and in such case, you should find for the plaintiff."

These instructions were in accordance with the theory upon which counsel for respondent rested its right to refuse the tender of the property and recover the full value thereof as determined by the judgment in the claim and delivery case, The giving of these instructions, and other rulings of the trial court in keeping therewith, are the principal claimed errors relied upon by counsel for appellants for reversal. The obligation resting upon the party holding the property, after giving a bond for its delivery to the other party, is stated in Shinn on Replevin, § 679, as follows:

"The plaintiff in replevin against whom a judgment for a return has been entered, is bound to restore the goods to the defendant in the like good order and condition as when taken. The mere restoration of the goods in a damaged condition will not be in compliance with the conditions of his bond. This may be required by express terms of the statute, but if the statute does not expressly require it, it does so by implication.

"After a judgment for a return has been entered against the plaintiff, he can only satisfy it by a return of the identical property which was taken from the defendant under the writ. The defendant is not bound to accept any other."

See, also, *Fair v. Citizens' State Bank of Arlington*, 69 Kan. 353, 76 Pac. 847, 105 Am. St. 168; *Capital Lum. Co. v. Learned*, 36 Ore. 544, 59 Pac. 454, 78 Am. St. 792; *Wallace v. Cox* (Neb), 138 N. W. 578.

Our statute prescribing the conditions of the bond, Rem. & Bal. Code, §§ 709, 711, does not in terms require the property to be returned in substantially as good condition as when

taken; but that such is the obligation under the bond the law creates, whether in terms so specified in the statute or not, is well settled by the authorities. This observation is made in view of certain contentions made by counsel for appellant rested upon the absence of such a prescribed condition of the bond in our statute. We may also observe at this time that, in view of the conditions prescribed for delivery and re-delivery bonds being in substance the same, and imposing like obligations upon the party acquiring possession of the property under such bonds, whether plaintiff or defendant, the law touching the obligations of the respective parties to each other to deliver the property in compliance with their bond must necessarily be the same. We may therefore call to our aid, and regard as equally applicable, decisions dealing with claims of defendants as well as those dealing with claims of plaintiffs under such bonds.

The decisions of the courts are in apparent conflict upon the question of the right of the party for whose protection the bond is given to reject a tender of only a portion of the property, or a tender of all of the property, when it is not in substantially the same condition as when taken or re-claimed. We think, however, that the varying circumstances involved in the cases will, in many instances, account for the seeming conflict of the decisions. In the case of *Jones v. Messenger*, 40 Colo. 37, 90 Pac. 64, there was an attempt to satisfy a replevin judgment *pro tanto* by the tender of fifty-six of seventy-six horses taken under a redelivery bond, the horses not tendered having been disposed of so as to render their tender impossible. The tender was refused, which was sought to be justified upon substantially the same grounds as are invoked by respondent here. Disposing of the question involved, the court said:

"Under no circumstances could the defendant in replevin satisfy the judgment against him *pro tanto* by a partial de-livery of the property involved under the circumstances of this case. A return of all the property promptly, in sub-

stantially the same condition as it was at the time of bring-
ing the replevin suit, would satisfy the judgment in respect
to the possession. In addition to the return of the property,
the judgment in the replevin suit required the payment of
certain damages. The rule in jurisdictions where the stat-
utes provide that the value of the separate articles of prop-
erty must be found does not prevail in this state. Our stat-
ute requires the return of the entire property when in the
hands of the other party, or judgment for its full value if a
delivery cannot be had, and a judgment must be for the pos-
session of the entire property to be operative. *Horn v.
Bank*, 8 Colo. App. 535 [46 Pac. 838], and cases cited.
Whether the return be in whole or in part, the goods must be
in like good order and condition as when taken.—Shinn on
Replevin, § 679. In jurisdictions where it is required to find
separate values, if the separate value of each article be not
assessed, the verdict will not support a judgment.—Shinn,
§ 627, and cases cited. In this state, on the contrary, it re-
quires the finding of the aggregate value of the property to
support a judgment under the terms of our statute and the
conditions of the replevin bond, necessarily given. To per-
mit defendant in replevin to retain the horses involved in this
case in his possession during years of litigation, and to re-
turn a portion of them at his option, in a diseased condition,
would be to render nugatory the replevin judgment which
must be satisfied according to its terms."

It is true that was an equity case wherein it was sought
to compel satisfaction of the replevin judgment *pro tanto*,
but we are unable to see that the principle involved and de-
cided would have been any different had the suit been for
damages sought to be measured by the value of the property
as determined in the judgment in the replevin case. Refer-
ring to *Horn v. Citizens' Sav. & Commercial Bank of Denver*,
8 Colo. App. 535, 46 Pac. 838, cited in the above quotation,
we find the Colorado statute relative to judgments in actions
to recover personal property, quoted as follows:

" 'In an action to recover the possession of personal prop-
erty, judgment for the plaintiff may be for the possession or
the value thereof, in case a delivery cannot be had, and dam-
ages for the detention. If the property has been delivered

to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof, in case a return cannot be had, and damages for taking and withholding the same.' "

This is the exact language of our statute relating to judgments in actions for the recovery of personal property, Rem. & Bal. Code, § 434. While the language of this section does not appear to be mandatory in terms as to rendering the judgment in the alternative, it is plain that either party has the right to insist that it be so rendered. Like the Colorado statute, we have no provision requiring that the separate value of different portions or articles of the property shall be determined by the judgment rendered in the claim and delivery action. The theory of the Colorado decisions seems to be that, in view of the statute, the judgment is to be satisfied, so far as the right to the property has been determined by the judgment, by a return of the whole in substantially the same condition as when taken, or by the payment of the whole value thereof as determined in the replevin judgment, and that the party adjudged to be entitled to the property is not required to accept satisfaction in any other manner.

In the case of *Eickhoff v. Eikenbary*, 52 Neb. 332, 72 N. W. 308, it was held that, in order to satisfy a replevin judgment by a return of the property, it was necessary to return or offer to return the identical property replevined, and not other property of like kind or value, even though in that particular case the property replevined was a lumber yard, the lumber being sold therefrom in the usual course of business, and other lumber of like kind, quantity and value substituted before the tender made to satisfy the judgment.

In *Wallace v. Cox* (Neb), 138 N. W. 578, Reese, Chief Justice, speaking for the court to the question of the duty of accepting a tender of return of property, said:

"It is fundamental that, where a judgment in an action of replevin is against the plaintiff, it is his duty to return the

property to the defendant within a reasonable time in substantially as good condition as when taken, and this would satisfy the judgment in so far as the return had been ordered if the property was accepted by the defendant, but it would not cancel the money judgment for damages, nor would it deprive the defendant of his action for depreciation of the value of the property while out of his possession. While this is all true, yet the duty of returning the property within a reasonable time and in substantially an unimpaired condition should be performed, and it does not lie with the plaintiff in the action after long delay to return property badly damaged by use or otherwise, compel the defendant to accept it, and then litigate the question of damages in another action. Our statute does not provide that the property shall be returned in the same condition as when taken, as in some states, but the holding is practically uniform that such a statute is not necessary, as we have in effect held."

This, it is true, can hardly be regarded as a direct holding that a tender of the property, immediately upon the rendering of the judgment, in a substantially worse condition, would not satisfy the judgment *pro tanto*, and require the successful party to seek relief in another action for damages; but the reasoning of the learned justice, it seems to us, is a convincing argument in support of such a holding, especially where more than two years' time intervenes between the reclaiming of the property and the end of the litigation, as in this case.

In the case of *Mounts v. Murphy*, 126 Ky. 803, 104 S. W. 978, while the duty of accepting a tender of the property in a damaged condition was not strictly involved, in speaking of the measure of damage for failure to return the property in substantially the same condition as when taken, the court said:

"It did not satisfy the obligation when Hatfield returned the oxen, some of them with eyes knocked out and otherwise injured and in poor condition, as the testimony tends to show in this case. It is true that appellee might have elected to refuse the cattle on account of their condition, and collected their value as fixed in the judgment; but he was not bound to do so."

In *Pauls v. Mundine*, 37 Tex. Civ. App. 601, 85 S. W. 43, the court said:

"The only question presented for our determination on this appeal is whether, under the judgment in favor of appellant against appellee, above mentioned, the latter had the legal right to satisfy same by a delivery or tender of less than the whole of the property recovered by said judgment. We are of the opinion that the recital in the judgment, to the effect that the plaintiff recover the value of each article of said machinery, stating the separate value thereof, the total value of which being $375, in the event the said machinery or any part thereof could not be found, conclusively answers this question in the negative. Under the provisions of this judgment the appellee could not satisfy same without a delivery or tender of the entire property recovered, or the payment of its value, as stated in the judgment. *Byrne v. Lynn*, 18 Tex. Civ. App. 252 [44 S. W. 311, 544]."

In the case of *Whetmore v. Rupe*, 65 Cal. 237, 3 Pac. 851, under a statute similar to ours, and in reference to the right and duty of the successful party in a replevin action, the court said:

"In *De Thomas v. Witherby*, the language of the superior court of New York, in *Suydam v. Jenkins*, 3 Sand. 614, is cited with approval: 'The undertaking of the plaintiff in the replevin bond, we conceive is absolute to return the goods, or pay their value at the time of the execution of the bond. We do not think that a wrong-doer is ever to be treated as a mere bailee, and that the property in his possession is to any extent at the risk of the owner.' It cannot be doubted that a plaintiff, who, without right, has seized the property of a defendant under a writ, is a wrong-doer.

"Under our code the defendant who recovers a judgment in an action like the present, where the property has been delivered to the plaintiff, is entitled to a judgment for a return of the property; and if the property—all of it—cannot be returned, then to a judgment for the value of the whole."

*Stevens v. Tuite*, 104 Mass. 328, and *Johnson v. Mason*, 70 N. J. L. 13, 56 Atl. 137, are in harmony with these views.

The authorities so far noticed, as we understand them, lend support to the view that the party for whose benefit the

delivery or redelivery bond is given, under which his property is withheld from him, upon judgment being rendered in his favor for the recovery of the property, or in the alternative for its total value determined by such judgment without separate valuation of separate portions or articles, may elect to accept tender of the property, though depreciated in value, and sue upon the bond for his damages measured by its depreciated value; or he may, if the property is tendered to him in substantially worse condition than when first withheld from him under the bond, refuse the tender and sue upon the bond for damages measured by the total value of the property as determined by the alternative judgment. We are impressed with the justice of this doctrine, in view of the fact that it favors the party who is finally adjudged to be in the right. The very object of the statute in requiring the value of the property to be determined and the judgment to be rendered for the property, or for that value in case the property cannot be delivered is manifestly to enable the one in whose favor the judgment is rendered to avoid the necessity of again trying the question of his damage, in so far as it is measurable by the value of the property, in the event he is compelled to or acquires the right to take the money judgment in lieu of the property. If he is compelled to accept tender of the property in a condition of substantially depreciated value, or if he is compelled to take a portion of the property even if in substantially as good condition as when withheld from him, the determination of its total value, which he has a right to have made in the replevin judgment, it seems to us would fail of its purpose. We think he is not obliged to accept satisfaction of the judgment in part by return of the property in a damaged condition or a portion of it even in substantially the same condition, and in part by money damages to be again determined in a new action.

Let us now notice the decisions relied upon by counsel for appellant as opposed to this view. In the case of *Leeper, Graves & Co. v. First Nat. Bank of Hobart*, 26 Okl. 707,

110 Pac. 655, 29 L. R. A. (N. S.) 747, the reasoning of the court is apparently not in harmony with our conclusions. It is worthy of note, however, that the court in that case was dealing with a situation where all but a small fraction of the entire property was tendered back, as indicated by the following remarks of the court, on page 721:

"In the case at bar, as the parts of the different bridges which were not tendered constituted but a small fraction of the entire property taken, and there was no showing that the same could not be readily procured in the open market, or were within plaintiff's control, we can see no reason why a party in such a case should not be required to accept the great bulk of the property involved and recoup on the bond given for such as was missing. Counsel for the bank in their brief ask if a wagon be replevied, and plaintiff be required to restore, could he tender the tail-gate, and require its acceptance? To this we will say that we think not, but should the wagon be tendered entire with the exception of the tail-gate, which it was not within the power of the plaintiff to restore— that is, was lost and not wilfully withheld—we believe that its acceptance would be required with an allowance of damages therefor."

Had it there been established by the verdict of the jury, as it was in this case, that the property had materially depreciated in value by use and exposure to the elements, it is possible the court might have reached a different conclusion.

In *Reavis v. Horner,* 11 Neb. 479, 9 N. W. 643, there was a tender of the property, except certain specified articles, being a small portion of the whole, these articles having a value readily ascertainable, and no showing that the condition of the property actually returned was materially lessened in value. It also appeared that the tender was refused for a reason wholly foreign to the question of it being satisfactory to the judgment creditor so far as its amount and value was concerned, and would have been accepted so far as any objections could have been made on that ground. In *Ervin v. Montgomery,* 84 Neb. 107, 120 N. W. 903, it appears that there was a tender of all of the property in substantially the

same condition as when taken, and being refused, the tender was again made at the trial, of all the property except one horse, which had died, for which there was a tender of $10 in money. The court held that the first tender was sufficient to satisfy the judgment. Counsel for appellant also cite and rely upon the following decisions: *Franks v. Matson*, 211 Ill. 338, 71 N. E. 1011; *Yelton v. Slinkard*, 85 Ind. 190; *Larabee v. Cook*, 8 Kan. App. 776, 61 Pac. 815; *New England Furniture & Carpet Co. v. Bryant*, 64 Minn. 256, 66 N. E. 974; *Allen v. Fox*, 51 N. Y. 562, 10 Am. Rep. 641.

A critical examination of these cases, however, will show that the right of the judgment creditor in the replevin action to refuse tender of return of the property to him in satisfaction of the judgment, either in whole or *pro tanto*, was not involved, there being involved only the question of the measure of his damages where the property was returned and he accepted it. Our attention has been called to the case of *Edwin v. Cox*, 61 Ill. App. 567. We do not regard that as an authority contrary to the conclusions we have reached, in view of the fact that it does not appear to have involved an alternative judgment determining the value of the property.

There may be found in text books and in the texts of encyclopædias general statements to the effect that a successful party to a replevin suit is bound to accept the property, though depreciated in value, or a portion of the property, in satisfaction of the judgment *pro tanto;* but such general statements are, we think, subject to qualifications such as we have noticed. The duty of the successful party in a replevin suit to accept such a tender in partial satisfaction of the judgment is stated in Shinn on Replevin, § 679, as follows:

"Whichever party recovers a judgment for a delivery or return of the property, in replevin, when the same is in the possession of the adversary, is bound to accept the return of it, or the return of a substantial part of it. In case of the tender of a part of it, such tender of return should be accompanied by a tender of the money value of the remainder in satisfaction of the judgment for a return or for a payment

of the value in case a return cannot be had. The party has a right to deliver or return what he can, and pay for that which he cannot deliver. This is true, if the part offered to be returned is separable from the others and in no way dependent upon it for use or value, and the part tendered is in the same condition as when taken. It is to provide for just such condition as this that a finding of the separate values of different articles having different values is required to be made."

This is about as comprehensive a statement of the general rule and its qualifications as can be found in any text, yet we think it is not necessarily opposed to the conclusion we have here reached, in view of the provisions of our statute and the nature of the judgment the successful party is entitled to have rendered in his favor, which includes the determination of the total value of the property, manifestly to the end that that question can be rendered final in the claim and delivery action. We conclude that the learned trial court was not in error in giving the instructions complained of, and in making rulings in the progress of the trial in keeping with the law as announced in those instructions.

It is contended by counsel for appellants that there was a departure in the reply from the issues as tendered in respondent's complaint. The principal allegation of the complaint was, after setting up the judgment in the claim and delivery case, that the appellant Sand and Gravel Company had not returned the property nor otherwise satisfied the judgment. The answer alleged the offer to return the property by the appellant Sand and Gravel Company. The reply admitted the offer to return the property, and alleged affirmative facts showing the depreciated value of the property occurring while in the possession of appellant Sand and Gravel Company under the redelivery bond, as a justification for its refusal to accept the offer. This, counsel for appellants contend, was a departure, and injected a new issue into the case. We are unable to agree with this contention. It was not a new cause of action, though it may have pleaded facts

which should have been pleaded in the complaint. The first objection to the pleading of these facts in the reply occurred at the trial, some five months after the service and filing of the reply. Clearly no prejudice occurred to appellant's right by overruling the objection to introduction of evidence because of the alleging of these facts in the reply instead of in the complaint. *Erickson v. McLellan & Co.*, 46 Wash. 661, 91 Pac. 249.

We conclude that the record discloses no prejudicial error committed against appellants, and therefore affirm the judgment.

CROW, C. J., MOUNT, and CHADWICK, JJ., concur.