MORGAN et al., respondents, *v.* REYNOLDS, appellant.

REPLEVIN — *measure of damages* — *interest.* In an action in the nature of replevin, to recover certain mules and harness, a party is entitled to the property, and the value of its use, from the time he was deprived of it to the day of trial. Legal interest on their value, during the period of detention, is not the measure of damages.

REPLEVIN — *excessive damages.* In this case the amount of damages was not excessive.

*Appeal from the Third District, Lewis and Clarke County.*

ON December 4, 1869, Morgan and Embody commenced this action to recover the possession of two mules and harness, or the value thereof, and "$5 for each day the same were detained," and $100 further damages. In April, 1870, the jury rendered a verdict for plaintiffs for the delivery of the property valued at $200, and also $204 damages. Reynolds obtained possession of the property on November 30, 1869.

Defendant moved for a new trial upon three grounds: misconduct of the jury, excessive damages, and insufficiency of the evidence to justify the verdict. The motion was overruled by the court, SYMES, J., and defendant appealed.

The other facts appear in the opinion.

SMITH & CULLEN, for appellant.

In an action, either on contract or tort, damages can only be assessed up to the time of the commencement of the suit,

and if the jury assess damages up to the time of the trial of the case it is error. *Powers* v. *Ware*, 4 Pick. 107; *Pierce* v. *Woodward*, 6 id. 207; *Leffingwell* v. *Elliott*, 10 id. 204.

Damages arising subsequent to the commencement of the suit could only be recovered therein by filing a supplemental complaint. Civ. Prac. Act, § 67. When the judgment rendered is for a larger sum than that claimed in the complaint, it is sufficient ground for a new trial. Hilliard on New Trials, 433, § 5.

An application for a new trial, on the ground of excessive damage, is most favorably considered in a case for a tort done to property, when there is a definite basis for the calculation of damages. Hilliard on New Trials, 436, §§ 14, 16.

The measure of damages in an action for the recovery of specific personal property, is the value of the property between the taking of the same and the commencement of the action, together with damages for its detention, which damage is the legal interest on the value of the property. Sedgw. on Dam. 582; *Nickerson* v. *Chatterton*, 7 Cal. 568; *Seaver* v. *King*, 9 id. 562; Morris on Replev. 193.

Lawrence & Hedges, for respondents.

No affidavit accompanies the record on appeal of any misconduct of the jury. Civ. Prac. Act, § 194; *Branger* v. *Chevalier*, 9 Cal. 362.

The evidence shows that the property was detained one hundred and thirty days; that possession was obtained by fraud, and held by violence; and that the use of the same to respondents was worth $4 and $5 per day.

In this action the judgment may be for more than the value of the property, if it be within the *ad damnum* of the complaint. The value of the property is only one predicate of the recovery. *Coghill* v. *Boring*, 15 Cal. 218. Proof of damages in an action sounding in tort may extend to all facts which occur and grow out of the injury up to the day of the verdict. 2 Greenl. Ev., §§ 260, 268, 268*a*, 635*a*.

Exemplary damages may be assessed. Sedgw. on Dam.

515 to 540. The judgment determines the time of the detention, and the damages sustained. Civ. Prac. Act, § 177; *Edgar McCutchen*, 9 Mo. 768.

Knowles, J. This is an action of claim and delivery of personal property. The plaintiffs brought suit to recover the possession of two mules and harness, which they allege the defendant wrongfully and fraudulently obtained possession of, and unlawfully detains the same from plaintiffs' possession, and for damages for the unlawful taking and detention thereof. The case was decided in the court below, for plaintiffs.

Defendant moved for a new trial, which was overruled by the court, from which ruling the defendant appeals to this court.

There are only two assignments of error discussed in the brief of appellants, and these are the only ones I think it necessary to consider. The first one is, that the jury committed an error in estimating the amount of damages awarded the plaintiffs, the value of the use of the mules and harness, from the date at which the defendant obtained possession of them to the day of the trial of the cause. I do not think this was error. The plaintiffs were entitled to the value of the use of these mules and harness. It is true that, in actions in the nature of trover, the value of the article converted, together with legal interest thereon from the time of conversion, is the true measure of damages. In trover the plaintiff seeks to recover a moneyed judgment, and it would be proper to allow him only the value of the use of that money which the law declares to be legal interest. This is, however, an action in the nature of replevin. The plaintiffs seek to recover, primarily, the specific property detained, and it would seem to me to be but just that he should recover the value of the use of the property so detained as compensation. Greenleaf, in his work on Evidence, vol. 2, p. 276, says: They (that is damages) should be precisely commensurate with the injury, neither more nor less, and this, whether it be to his person or estate." To be sure, these damages must always be the natural

and proximate consequence of the wrongful act complained of.

What more proximate consequence of the wrongful detention of these mules can there be, than that the plaintiff was deprived of the use of them? It is the immediate and natural consequence of the detention. The defendant claims that legal interest, on the value of mules and harness, is all that the plaintiffs are entitled to recover. This would be an unjust rule   When money is sought it is proper enough. It does not wear out with use, or grow old; while animals of burden do both, and thus by use their value is being constantly diminished. The rule that applies to an action for money should not then apply in this case.

I find in Sedgwick on the Measure of Damages (pp. 528, 529) that in Maryland and Texas damages for the value of the hire of slaves were awarded in similar actions to this. And also in note second, same authority, that in the case of *Butler* v. *Mehrling*, 15 Ill. 488, the rule was laid down that in actions of replevin the value of the use of the property is the true measure of damages and not the value of the property alone.   I am aware that a different rule from this was expressed in *Dorsey* v. *Manlove*, 14 Cal. 553.   This point, however, was not really presented to that court in that case for decision.   The real question was, whether the damages proved by the plaintiff were not too remote, and upon that point it can unquestionably be sustained.   There is one other consideration to be considered in that case, namely, that really the action was more in the nature of trover than replevin, for it appears that the defendant had sold the horses in controversy.   In trover the rule therein declared is undoubtedly correct.   It was not only proper that the plaintiffs should recover the value of the use of the mules, but that they should recover it up to the time of trial.

In actions for the recovery of money the plaintiff always recovers as damages the legal interest on the money up to the time of trial.   In trover it is almost a universal rule that the plaintiff recovers interest from the time of conversion

up to the time of trial.    See Sedgwick on Measure of Damages, 517, 518 and notes.    The case of *Dorsey* v. *Manlove*, cited above, lays down the rule for the measure of damages as follows : "The value of the horses sold by the defendant together with legal interest up to the time of trial."    In Greenleaf on Evidence, vol. 2, section 268, in treating generally of trespass, it is said : "And it is further to be observed that proof of actual damages may extend to all facts which occur and grow out of the injury, even up to the day of the verdict."    If in actions of this character the rule is as above, I cannot see why any different rule should be made in replevin.    In the Texas case, cited in Sedgwick on Measure of Damages, referred to above, I find the following : "Damages for the hire should be computed from the time of the demand to the rendition of judgment."    This was an action for the recovery of a slave and for his wrongful detention.    I do not think there can be much doubt of this rule.

The second error assigned I shall notice is, that the damages were excessive.    The evidence shows that the defendant wrongfully got possession of the mules.    From the time of the getting possession until the time of trial there were more than one hundred days.    The defendant had possession of the mules all this time.    The only positive evidence as to the value of the use of the mules, fixed it at from $4 to $5 per day.    The jury assessed the damages at $204. They must have estimated the value of the use of the mules at less than two dollars per day.

In the case of *Dorsey* v. *Manlove*, referred to above, much is said in relation to punitive or exemplary damages. Without stopping to discuss whether they would be allowed in such a case as this, I may say if they were the damages assessed by the jury, are very moderate, as there were many aggravating circumstances connected with the obtaining possession of the property in dispute and the persistent detention of the same.

The judgment of the court below is affirmed.

*Exceptions overruled.*