Irvin and others, Respondents, vs. Smith, Appellant.

*January 15 — March 1, 1887.*

*(1) Replevin: Return of property: Identity: Evidence. (2) Costs: Two appeals: Printed case.*

1. Upon the evidence in this case it is *held* that ties, posts, and telegraph poles tendered to the defendant by the plaintiffs were not the identical property taken from him under a writ of replevin, and

Irvin and others vs. Smith.

that he was therefore not bound to accept them in satisfaction of a judgment in his favor for the return of such property.

2. There were two appeals by the same party in one cause, and the printed case on one appeal was identical with the first ninety-one pages of the printed case on the other appeal. *Held,* that in taxing costs the appellant should be allowed for only one printed case on both appeals.

APPEAL from the Circuit Court for *Door* County.

This appeal is in the same cause as that last reported *(ante,* p. 220). After obtaining the order there appealed from the plaintiffs moved that the original judgment in favor of the defendant be ordered satisfied by a return of the property therein described, and that the defendant have and accept in satisfaction of such judgment the property which had been tendered to him by the plaintiffs. The motion was granted, and the defendant appealed from the order made thereon.

The cause was submitted for the appellant on the brief of *O. E. & Y. V. Dreutzer* and *John J. Tracy,* and for the respondents on that of *Wm. H. Timlin.*

COLE, C. J. This is an appeal from an order directing that the judgment rendered September 27, 1884, be satisfied, and further ordering that the property described in such judgment " be, and the same is, the property of the defendant." This order is based upon the assumption that the property seized on the writ of replevin has been tendered to the defendant, and that this satisfies the judgment.

In the opinion on the other appeal we have stated that the decided weight of evidence clearly shows that the ties, posts, and poles which were taken from the defendant were not returned or offered, but that ties, posts, and poles of an inferior quality were tendered, which the defendant was not bound to accept. We only referred to some of the items of evidence which to our minds fully warranted that conclu-

sion. We are favored with the opinion of the learned circuit judge on the motion that the defendant be required to. accept and have in satisfaction of the judgment the property offered, etc., in which he says: "On all the evidence taken on the reference and the affidavits_I was convinced that the property offered the defendant was the identical property taken from him on the writ of replevin. Upon a careful review of the record I see no reason to change my opinion. I cannot divest myself of the knowledge of this case and the facts derived from presiding at the trial before the jury, where there was much testimony as to the ties; and it may be that the testimony and affidavits on which this motion is based, viewed in the light of prior knowledge, make a different impression on my mind from that produced on the mind of a party who had not known of the case before." This remark may account for the total disagreement of the circuit judge with the members of this court as to the facts. And still he had no other evidence before him than the written evidence contained in this record. We have no knowledge of the case except what is obtained from the record itself, and we can have no impression in regard to it which is derived from other sources of information. We are compelled to decide the case upon the record. We have stated on the other appeal that the evidence to our minds was most clear, satisfactory, and convincing that the timber tendered was not the timber taken from the defendant. Therefore he was not bound to receive it. We refer to the timber piled up on the bank of the slough, which constituted the larger portion. We did not overlook the testimony of Marshall and Jacobson, who swore that the stuff on the bank of the slough was the same as that taken from the defendant. But the truth of that statement was amply disproved by the evidence offered on the part of the defendant. Besides the defendant's testimony on the point, seven or eight witnesses who were employed by him in the winter of

Irvin and others vs. Smith.

1882–83 to saw, cut, and haul ties, posts, and poles to the slough, testified that most of the stuff manufactured was from green trees; had only about five culls to the hundred; that the ties, posts, and poles were of good quality and merchantable. Now, the testimony is quite uniform as to the quality of the stuff on the bank of the slough, that it is poor, much of it rotten, and one-half culls. The learned counsel for the plaintiff says that the testimony of the witnesses who manufactured and hauled the ties, posts, and poles to the slough, as to their identity, is of no probative effect and really amounts to nothing. This is a summary way of disposing of adverse testimony. We cannot so ignore it. But we shall not further discuss the facts. We have stated our conclusion upon the evidence, that the ties, posts, and poles piled upon the bank of the slough are not substantially the same as those seized by the sheriff; and, as we have said, the defendant was under no obligation to accept them in satisfaction of the judgment.

In this case the order must be reversed, and the cause remanded with directions to ascertain the costs of this investigation, which must be paid by the plaintiffs. An execution should be awarded to collect these costs and also the value of the property as found by the jury, with interest.

In the taxation of costs in this court the clerk will only allow for one printed case on both appeals. The first ninety-one pages of the cases used on both appeals are the same, and it was unnecessary to do more on the second appeal than refer to the case on the first appeal.

*By the Court.*— Order reversed, and cause remanded for further proceedings according to the directions above given.