Devol *et al. v.* Dye *et al.*

Filed February 16, 1893.

---

No. 691.

### DEVOL ET AL. *v.* DYE ET AL.

INTEREST.—*Accruing Pending Appeal.—Liability for.*—Where, pending an appeal, the money in controversy—$5,000 in gold and $1,000 in currency —was, at the instance of the appellants, placed in the hands of the clerk of the court, the appellees thus being kept out of possession of it pending the appeal, the judgment being affirmed on appeal, the appellants are liable to the appellees for interest thereon during the pendency of the appeal.

From the Boone Circuit Court.

*T. J. Terhune* and *C. M. Zion*, for appellants.

*C. S. Wesner* and *O. D. Wesner*, for appellees.

Devol *et al. v.* Dye *et al.*

Ross, J.—This is an appeal from a judgment, the basis of which was an appeal bond given by the appellants on an appeal to the Supreme Court from a judgment rendered in the Boone Circuit Court, in favor of the appellees, and against the appellants William J. Devol, Jr., Charles Devol, and William C. Devol, in which said court adjudged that the appellees were the owners of, and awarded them possession of, "two certain bags of gold coin," containing $5,000, and of a certain "package of currency," containing $1,000. The judgment appealed from was affirmed by the Supreme Court, and this action was to recover interest on the money contained in said bags and package by reason of the appellees being kept out of its possession pending the appeal.

The contention of appellants is that they did not have the possession or use of the money pending the appeal, and therefore should not be held to account for interest. The evidence discloses that the package of currency and bags of gold were placed by Wesley Lane, who had possession of the same, in the hands of the clerk of the Boone Circuit Court, at the instances of the appellants, and that the appellees could not get possession thereof by reason of the appeal, and the giving of the bond sued on. Upon these facts the appellees were entitled to recover. No reason has been presented by the appellants for a reversal of the judgment of the lower court.

Judgment affirmed.

Filed February 14, 1893.