CHESNUT, APPELLANT, *v.* SALES, RESPONDENT.

(No. 3,386.)

(Submitted May 27, 1914. Decided June 15, 1914.)

[141 Pac. 986.]

*Claim and Delivery—Detention of Chattels Pending Appeal—*
*Damages Recoverable.*

> The successful party in an action in claim and delivery recovering
> damages for the detention of the chattels up to verdict in addition to
> their return, and whose judgment after affirmance by the supreme
> court has been satisfied, may maintain a separate action for damages
> for the detention of the property pending appeal from the judgment.
>
> [As to the doctrine that property wrongfully taken is wrongfully
> detained until restored to owner, see note in 80 Am. St. Rep. 753.]

*Appeal from District Court, Gallatin County, Ninth Judicial*
*District; Albert P. Stark, Judge of the Sixth District, presiding.*

ACTION by Ben Chesnut against A. H. Sales. From a judg-
ment for defendant, plaintiff appeals. Reversed and remanded.

*Mr. George D. Pease,* for Appellant, submitted a brief, and
argued the cause orally.

When Chesnut made a demand for his mules, after the verdict
was rendered in his favor, and such demand was refused by
Sales, we contend that this was a separate and distinct tort for
which the defendant Sales became liable. The judgment in the
former case directed Sales to return the property to Chesnut.
He could have complied with this judgment and have relieved
himself from all liability or risk whatsoever, but instead, he
chose to retain the mules and thereby assumed the risk of dam-
ages in the event that he should be unsuccessful in the appellate
court. The appellant contends that he is supported both by
the reason and the authorities in his contention. (Sec. 6628,
Rev. Codes; *Williams* v. *Phelps,* 16 Wis. 80; *Saling* v. *Bolander,*
125 Fed. 701, 60 C. C. A. 469; *Washington Ice Co.* v. *Webster,*
125 U. S. 426, 31 L. Ed. 799, 8 Sup. Ct. Rep. 947; *Devol* v. *Dye,*
6 Ind. App. 257, 33 N. E. 253.) The case of *Fair* v. *Citizens'*
*State Bank,* 69 Kan. 353, 105 Am. St. Rep. 168, 2 Ann. Cas. 960,

76 Pac. 847, is exactly in point so far as the issues of this case are concerned. (See, also, *Clow & Sons* v. *Yount,* 93 Ill. App. 112; *Yandle* v. *Kingsbury,* 17 Kan. 195, 22 Am. Rep. 282; *Kennett* v. *Fickel,* 41 Kan. 211, 21 Pac. 93; *Allen* v. *Fox,* 51 N. Y. 562, 10 Am. Rep. 641; Wells on Replevin, sec. 530.)

In Montana the action of replevin is primarily an action to obtain the possession of personal property and not to obtain damages (*Gans* v. *Woodfolk,* 2 Mont. 458; *Chesnut* v. *Sales,* 44 Mont. 534, 121 Pac. 481), and such being the case, it would seem that Chesnut would not be precluded from bringing a separate action to recover damages for the unlawful detention of his property after he had recovered judgment for the possession of the same.

*Mr. Walter Aitken,* for Respondent, submitted a brief and argued the cause orally.

The doctrine announced in *Williams* v. *Phelps,* 16 Wis. 80, upon which appellant relies, to-wit, that plaintiff in whose favor judgment was rendered, in the justice's court, in an action for the recovery of personal property unlawfully detained, is entitled to recover all the damages he has sustained by the detention of the property pending appeal, to the district court, is undoubtedly good law and has the support of other courts. (See *Hanf* v. *Ford,* 37 Ark. 544, 548.) *Williams* v. *Phelps,* 16 Wis. 80, has also been cited in a number of later cases: *Zitske* v. *Goldberg,* 38 Wis. 216, 224; *Hartley State Bank* v. *McCorkell,* 91 Iowa, 660, 60 N. W. 197; *Bell* v. *Campbell,* 17 Kan. 211. But it is apparent that the above doctrine applies, and can apply only, to appeals from justice's courts to trial courts where the case is tried anew; and in reason and in law cannot and does not apply to appeals to the supreme court after verdict and judgment in the trial court. This rule is well settled by the decisions of appellate courts in various jurisdictions. For example, in New York, in the case of *Corn Exchange Nat. Bank* v. *Blye,* 56 Hun (N. Y.), 403, 10 N. Y. Supp. 151, the supreme court of that state, in 1890, held that: "The judgment in an action of replevin only terminates the title to the chattels, and

after judgment in the trial court no damages for future detention pending an appeal can be included therein. The detention after the trial is a new offense and a claimant may treat such additional detention as constituting a new cause of action." But the court of appeals, on review of this case (*Commerce Exch. Nat. Bank* v. *Blye*, 123 N. Y. 132, 25 N. E. 208), promptly reversed this holding. To the same effect is the decision of the supreme court of Kentucky in *Head* v. *Perry*, 1 T. B. Mon. (Ky.) 253, where it is held that there can be no recovery, either at law or in equity, for the detention of property after hire, rents or damages are assessed, however long the final determination of the cause may be postponed by the delays of the judge, ·by appeals, or injunction, except where specially provided by statute. For such a remedy there is at common law no precedent. (*Alderson* v. *Bigger's Admr.*, 4 Munf. (Va.) 528.) If any damage resulted to appellant in this case it resulted from the pursuit of what respondent conceived to be his legal remedy. And for that the law allows no compensation. "No cause of action exists for the recovery of costs or other expenses or damages occasioned by successful and *bona fide* legal process, however much it might have operated to the prejudice of another. More than that, if the remedy is invoked in good faith, no legal injury results, though there proves not to have been sufficient cause therefor and the suit fails." (1 Cyc. 648-c.)

MR. JUSTICE SANNER delivered the opinion of the court.

The appellant, Ben Chesnut, as the owner of two certain mules and a set of harness, brought an action in the district court of Gallatin county against the respondent, A. H. Sales, to recover the possession of the same, with damages for the detention thereof. After issue joined and a trial upon the merits, Chesnut had judgment for the return of the property and damages, whereupon he demanded the return of the mules. Sales refused to deliver, but appealed to this court, giving the stay bond required by section 7103, Revised Codes. The appeal was unsuccessful (*Chesnut* v. *Sales*, 44 Mont. 534, 121 Pac. 481), and upon remission of the cause to the district court, Sales re-

turned the property and otherwise satisfied the judgment. Thereafter Chesnut brought this action to recover damages for the wrongful withholding of the mules pending the appeal. The defense is that the retention of the mules was lawful and justifiable, the execution of judgment having been stayed pending the appeal as provided by law. The cause was submitted to the court sitting without a jury, upon the pleadings and upon a stipulation to the effect "that if as a matter of law, the plaintiff is entitled to recover in this action at all, he is entitled to recover the sum of one dollar and one-half for each and every day * * * from the 17th day of May, 1911, to the 26th day of February, 1912; * * * that during all of said period defendant was the owner and entitled to the possession of said mules, except in so far as his right to the possession thereof had been suspended and stayed by the appeal." Judgment was entered that Chesnut take nothing, and awarding costs to Sales. A motion for a new trial was denied, and Chesnut appeals from such denial as well as from the judgment.

It is conceded by both sides that but one question is presented, *viz.,* Can a party who had judgment for the recovery of personal property and damages for its detention up to verdict, and whose judgment after affirmance by this court has been satisfied, maintain a separate action for the detention of such property pending an appeal from the judgment? Upon the solution of this question the authorities are at variance. Conspicuous among those which hold with the respondent is *Commerce Exch. Nat. Bank* v. *Blye,* 123 N. Y. 132, 25 N. E. 208, a case resembling that at bar in every essential save only the demand after judgment. The court said: "The complaint discloses a single tort, which has formed the subject of an action and been redressed by a judgment therein. It alleges no new or separate demand, but simply a continuance of the refusal to obey it, after judgment and pending the appeals therefrom. If the defendant's continued possession during that interval was a wrong at all, it was not new or separate, but a continu-

ance of that sued upon, and dependent upon the demand proved in that action. At the most, the complaint shows an extension of the damages beyond the date of the trial judgment, and growing out of the delay inseparable from the defendant's right of appeal; and so we are required to say, if we affirm this judgment, either that the damages flowing from a single wrong may be divided into two parts, and each part form the subject of a separate action, or that the exercise by the defendant of the right of appeal upon the precise terms and conditions dictated by the law constitutes a new and illegal detention of the property in controversy. The first proposition is of course inadmissible, and the judgment must stand, if at all, upon the second, and that necessarily involves the conclusion that the appeals taken, by reason of the delay which they occasioned, constituted a new detention and a new wrong for which a separate action could be maintained. Neither reason nor authority justify that conclusion. The appeals were taken by the defendant in pursuance of a lawful right and in performance of a clear duty. * * * We cannot admit that the taking of an appeal by the defendant constituted a new and separate detention of plaintiff's bonds because they remained in defendant's possession after delivery to him by the sheriff in accordance with the law of the chosen remedy. If that be so, added perils will surround appeals, and a prolific source of new actions will come into existence, and it will be difficult to say that one class of damages resulting from the law's delay may be recovered and all others be excluded. We think the right of appeal cannot be converted into a tort or wrong, and the delay it produces serve as a basis for a new action, and that the judgment, already rendered, closed the entire controversy." To the same effect are *Head* v. *Perry,* 1 T. B. Mon. (Ky.) 253; *Alderson* v. *Bigger's Admr.,* 4 Munf. (Va.) 528; *Abbott* v. *Land & Water Co.,* 161 Cal. 42, 118 Pac. 425; *Van Horne* v. *Treadwell,* 164 Cal. 620, 130 Pac. 5.

Impressed as we are by the reasoning of these cases, and realizing, too, that no effective appeal was open to respondent at bar unless he kept the property, we are nevertheless of the opinion that the appellant was entitled to recover. The mere

fact that the respondent had the lawful right to appeal from
the judgment against him does not seem to us decisive. The
right of appeal from an adverse decision is not any different
in principle from the right to bring or defend an action or from
any other right recognized by the law, yet the law books teem
with rights which, when inadvisedly pursued, either directly or
indirectly give rise to wrongs. The imposition of costs in every
case, the allowance of interest upon money judgments pending
appeals, and various other devices of the law that may be men-
tioned, are efforts to correct wrongs done in the assertion of
rights. As apt an illustration as any may be found in the very
case at bar, by supposing an appeal indecisive upon the merits,
though successful to the point of reversal for retrial; for the
jury upon the retrial, if they found for Chesnut, would have
been authorized to award him damages measured by the value
of the use of the property up to the date of their verdict (Rev.
Codes, secs. 6760, 6803; *Morgan* v. *Reynolds,* 1 Mont. 163; *Chau-
vin* v. *Valiton,* 8 Mont. 451, 466, 3 L. R. A. 194, 20 Pac. 658),
which would include the time taken to present and dispose of
the appeal. This being so, what obstacle is presented by the
mere right of appeal, to the recovery of the same damage when
the appeal was in no sense successful? As we view the matter,
no one, however honestly mistaken, has any absolute right to
bring an unmeritorious suit, to interpose an unmeritorious de-
fense, or to prosecute an unmeritorious appeal; and while it
may be said that one cannot know his suit, defense, or appeal
to be without merit until a court of last resort has spoken, he
nevertheless accepts the contingency that the fact may be so
declared; and when it is declared that a suit, defense or appeal
was without merit, we see no reason why the party responsible
should not answer in the way of costs, interest or special dam-
ages, as the case may be. The judgment at bar declared the
appellant entitled to the possession of the property, and directed
its return to him. Unless that declaration was erroneous it was
the duty of respondent to yield the property to the appellant
upon his demand, and not to cause him further damage by
longer withholding it. The respondent could justify a further

detention only by the prosecution of a meritorious appeal; failing in this, he stood in the wrong, not for appealing, but for withholding the property after demand when there was no legal justification for so doing.

The question, then, is whether the act of respondent constituted a new wrong, or was merely a continuation of the original one. The New York court laid some stress upon the fact that in the *Blye Case* the complaint alleged no new or separate demand, but simply a continuation of the refusal to obey the original one, and there is room for the inference that had a separate demand been made after judgment, a different conclusion might have been reached. However that may be, the case at bar does disclose a separate demand after judgment, and it is the contention of appellant that this circumstance, coupled with the impossibility of recovering in the original action such damages as accrued pending the appeal, is ample warrant for this action. We accept this contention as sound. In the original action the award is fixed as of the date of the verdict; there is not, nor could there be, any method providing for the allowance in that action of further damages accruing after judgment and pending an unmeritorious appeal. Yet in every such case there may be, and in the instant case there was, a very substantial detriment thus caused. Upon the respondent's theory this is a wrong without a remedy—a sort of sacrifice which the prevailing party must make in order that his adversary may invoke the right of appeal—and belongs to the same category as the damages which may accrue from withholding the property between the date of the verdict and the date of judgment. We do not so apprehend it. It is not the theory of our Code that substantial damage suffered by one through the fault of another shall be unredressed, but that in all such cases the damaged party shall have full compensation. (Rev. Codes, secs. 6040, 6041, 6068, 6071.) Nor is the intention of the law that a judgment will follow so far behind the verdict as to be the cause of substantial damage; this is apparent from the Code provision requiring the entry of judgment within twenty-four hours after verdict (Rev. Codes, sec. 6800), and the instances in which

this is not done may well be ascribed either to the consent of the prevailing party or to the order of court in furtherance of justice. The primary object of replevin is to secure the return of personal property, the damages being merely incidental. Where a return of the property is possible, the owner is entitled to it; he may recover the value only in case a return cannot be made. (*Morgan* v. *Reynolds, supra; Chauvin* v. *Valiton, supra; Hynes* v. *Barnes,* 30 Mont. 25, 75 Pac. 523.) Had a return of the mules in question been impossible and the appellant by that fact become entitled to the value as fixed by the verdict, no one would question his right to damages pending the determination of the appeal, such damages being measured by the interest; and, since he was entitled to receive the property itself, the same considerations authorize the award of damages appropriate to the withholding of it, *viz.,* the value of its use during the same period. This conclusion finds more or less support in the following authorities from other jurisdictions: *Williams* v. *Phelps,* 16 Wis. 80, 83; *Saling* v. *Bolander,* 125 Fed. 701, 60 C. C. A. 469; *Devol* v. *Dye,* 6 Ind. App. 257, 33 N. E. 253; *Washington Ice Co.* v. *Webster,* 125 U. S. 426, 31 L. Ed. 799, 8 Sup. Ct. Rep. 947; *Fair* v. *Citizens' State Bank,* 69 Kan. 353, 105 Am. St. Rep. 168, 2 Ann. Cas. 960, 76 Pac. 847.

The judgment and order appealed from are reversed and the cause is remanded, with directions to enter judgment for the plaintiff in accordance with the terms of the stipulation.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied July 16, 1914.