HAMMOND, RESPONDENT, *v.* THOMPSON ET AL., APPELLANTS.

(No. 4,168.)

(Submitted April 29, 1918. Decided May 13, 1918.)

[00 Pac. 000.]

*Claim and Delivery—Pleading and Practice—Counterclaim— Wrongful Detention — Measure of Damages — Instructions— Disregard by Jury—New Trial.*

Pleading and Practice—Counterclaim—Nature of Pleading.
    1. A counterclaim must be in existence and matured for action at the time of the commencement of the suit in which it is pleaded.
    [As to scope and office of counterclaim under the Codes, see note in 89 Am. Dec. 482.]

Claim and Delivery—Detention of Property—Measure of Damages—"Usable Value."
>  2.  In a claim and delivery action the measure of damages for the wrongful detention of property having a usable value, as distinguished from its value for sale or consumption, is the reasonable value of its use from the date of seizure to the time of trial, provided there is no allegation of special damages and the party claiming damages had the right to use the property, was in a situation to use it and could have done so but for the wrongful acts of defendant.

Same—Damages—Evidence—Insufficiency.
>  3.  Evidence *held* insufficient to justify an award of damages for more than nominal damages for the wrongful detention of hotel and saloon furnishings.

Verdict Against Law—Instructions—Disregard by Jury.
>  4.  A verdict rendered contrary to the court's instruction is against law and will be set aside.

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

ACTION by Milton Hammond against James Thompson and another. From an order granting plaintiff a new trial, defendants appeal. Affirmed.

*Mr. S. J. Bischoff,* for Appellants, submitted a brief and argued the cause orally.

*Messrs. O'Hara & Madeen* and *Mr. J. D. Taylor,* for Respondent, submitted a brief; *Mr. Robt. A. O'Hara* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted by plaintiff to secure possession of certain personal property used in and about the conduct of a hotel and saloon. Some of the property described in the complaint was seized by the sheriff and delivered to the plaintiff. The defendants by answer denied plaintiff's title or right of possession, asserted title in themselves, claimed a return of the property seized, and damages for the wrongful detention.

Upon the trial plaintiff failed to make out his case and a nonsuit was granted. The trial proceeded upon the affirmative defense—so-called counterclaim—and the reply thereto, resulting

in findings in favor of defendants, one of which assessed the damages for the wrongful seizure and detention at $600. Plaintiff moved for a new trial and the court directed that the motion be granted unless within thirty days, defendants remitted the amount of the damages. This they refused to do and appealed from the order when it became absolute.

1. The claim for damages arising from the wrongful seizure [1] and detention of the property in controversy is not in any sense a counterclaim within the meaning of section 6541, Revised Codes, since it rose after the commencement of this action. A counterclaim must be one existing and matured for action in favor of the party asserting it, at the time of the commencement of the action in which it is pleaded. (*McGuire* v. *Edsall,* 14 Mont. 359, 36 Pac. 453; *Scott* v. *Waggoner,* 48 Mont. 536, L. R. A. 1916C, 491, 139 Pac. 454.)

Sections 6760 and 6803, Revised Codes, recognize the right of the defendant in a claim and delivery action, who is awarded a [2] return of the property, to recover damages for the wrongful taking and detention of it. Such damages are merely incident to the right of return, but must be claimed in order to be recovered, and though the pleading is not a counterclaim, it is subject to the general rules which govern a complaint in an action for damages. In the absence of any allegation of special damages, the measure of damages for the wrongful detention of property which has a usable value, as distinguished from its value for sale or consumption, is the reasonable value of its use from the date of seizure to the time of the trial (*Morgan* v. *Reynolds,* 1 Mont. 163; *Gans* v. *Woolfolk,* 2 Mont. 458; *Chauvin* v. *Valiton,* 8 Mont. 451, 3 L. R. A. 194, 20 Pac. 658; *Chesnut* v. *Sales,* 49 Mont. 318, Ann. Cas. 1916A, 620, 52 L. R. A. (n. s.) 1199, 141 Pac. 986), and ordinarily "usable value" means the amount for which such property could be hired. (*Alexander* v. *Bishop,* 59 Iowa, 572, 13 N. W. 714.) This rule is peculiar to actions in replevin. It applies, however, only in cases where the party claiming such damages had the right to use the property, was in a situation to use it, and could have done so but for the

wrongful acts of the other.    (Wells on Replevin, sec. 580; Ann. Cas. 1914A, note 381.)

The only evidence offered by defendants in support of their [3]    claim for damages was to the effect that the gross receipts from the hotel prior to the seizure were from $150 to $175 per month and the profits about $50 per month, and that the gross receipts from the saloon amounted to about $300 per month and the profits were about $150 per month.    This evidence fails to make out a case within the rules above, for more than nominal damages, in that it furnishes no criterion by which the jury could determine the usable value of the property seized, which was only a portion of the furnishings of either building.    Furthermore, the evidence discloses that sufficient furnishings were left in the hotel to accommodate defendants' business so far as the sleeping-rooms were concerned, and that they had voluntarily closed the dining-room and saloon before the seizure.

2. The order was justified for another reason.    The jury found the value of the property seized to be $379.75, and in [4]    addition found the damages for its wrongful detention to be $600.    Without objection the court gave Instruction No. 4, as follows: ''The court instructs the jury that in this case they are only to take into consideration the reasonable value of the property, no other element of any damage alleged in the counterclaim having been proven.''    This became the law of the case, binding upon the jury, and the verdict for damages for wrongful detention was contrary to this instruction and against law. (*Murray* v. *Heinze,* 17 Mont. 353, 42 Pac. 1057; *Wallace* v. *Weaver,* 47 Mont. 437, 133 Pac. 1099.)    If it be said that other instructions authorized the jury to return a verdict for damages, it is sufficient reply to say that such conflict in the instructions was only an additional reason for setting the verdict aside.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.