Argued February 10, affirmed March 8, 1921.

# HARTMAN v. STARK.

(195 Pac. 1117.)

**Corporations—Plaintiff Could Get No Control of Pledge to Estate by Debtor Without Payment of Claim.**

1. Where an executrix was garnisheed as having possession of shares of stock as collateral security for note of principal debtor to estate, plaintiff in main action could not obtain any control of the stock without offering to pay the estate the full amount of its claim against the debtor.

**Tender—Allegation of Pleading Held not a Sufficient "Tender" to Secure Control of Pledge.**

2. Allegation of petition that petitioner is ready and willing to pay into court the amount of claim against debtor *held* not a sufficient allegation of tender, as to constitute a valid tender there must be an actual offer of the sum due.

From Multnomah: GEORGE TAZWELL, Judge.

Department 2.

J. L. Hartman and E. L. Thompson are partners, doing business under the firm name of Hartman & Thompson. November 22, 1918, the firm commenced an action in the Circuit Court of Multnomah County against W. T. Lambert, to recover the amount of his certain note, interest, and attorney's fees. An affidavit and bond for an attachment was duly filed, based upon which a writ was duly issued, directed to the sheriff of that county, acting under which, that officer served a garnishee notice upon Kittie M. Stark in person and as executrix of the estate of her deceased husband, commanding the garnishee to make answer and return of all property or moneys in her hands or under her control belonging to the defendant, Lambert. In response to such garnishee notice, she made answer that she had "no property rights or interests

---

2. Sufficiency and effect of tender, see note in 77 **Am. Dec.** 470.

of said defendant in her possession or under her control."

April 19, 1919, judgment was rendered against the defendant Lambert, for the full amount of plaintiff's claim, in which it is recited that:

"It is further considered, ordered and adjudged that the attachment and garnisheeing proceedings herein are hereby sustained and allowed and that the plaintiffs may proceed against said garnishee as provided by law."

The plaintiffs not being satisfied with the answer of the garnishee, allegations and interrogatories were filed, in which it was alleged and claimed that Lambert was the owner of forty shares of stock in the Union Laundry Company, evidenced by certificates Nos. 21 and 22, and that it was held by the garnishee as collateral security for a $2,500 loan. Answers were made to the interrogatories, in which the defendant admits that at one time she did hold those shares of stock as collateral, to secure a promissory note on which there was then due and owing $2,563.03. That upon the payment of that amount the stock was surrendered and delivered by her to one, A. R. Ford. After judgment was rendered, nothing more was done in the Circuit Court, and the plaintiff then filed its original petition in the Circuit Court of Multnomah County, in probate, setting out all the above facts, in which among others it is alleged:

"That the said garnishee, by virtue of taking said certificate of stock assigned to her as executrix and the surrender of her said note of $2,563.03, has attempted to put it beyond the jurisdiction and right of the Circuit Court to finally adjudicate the aforesaid case of *J. L. Hartman and E. L. Thompson* versus *W. T. Lambert,* Defendant and *Kittie M. Stark,* Garnishee. That these said petitioners were

standing ready and willing to pay into court the aforesaid sum of $2,563.03 and interest, and be subrogated to the rights of said estate to said stock in the Union Laundry Co."

The petitioner prays that the court make an order canceling the surrender of the stock of the Union Laundry Co. and that the executrix be required to deliver it into court to be dealt with as may be just and proper in the garnishment proceedings, on the receipt by her of $2,563.03 and interest, and for such other and further relief as may seem proper to the court. Based upon the petition, a citation was issued by the Circuit Court in probate, to Kittie M. Stark as executrix, requiring her to appear—

"in the Circuit Court of the State of Oregon, in the County of Multnomah, on the ——— day of June, 1919, at 10 o'clock A. M., then and there to show cause why you should not accept the money for which the forty shares of stock held by you in the Union Laundry Co. is held as collateral security and why you should not surrender said property to the Circuit Court of Multnomah County, Oregon, to be dealt with by said court according to law, in the case of *J. L. Hartman and E. L. Thompson,* Plaintiffs, versus *W. T. Lambert,* Defendant, in which you had been served and have made answer as garnishee."

To this petition, on July 19, 1919, she appeared and filed a demurrer upon the grounds:

(1.) "That this court has no jurisdiction of the subject matter contained in said petition."

(2.) That the petitioners "have no legal capacity to sue in this matter in this court and cause."

(3.) That there is another action pending between the petitioners and Lambert and Kittie M. Stark, executrix, "as garnishee, in this court, on the law side."

(4.) "That said petition does not state facts sufficient to constitute a cause of relief in this court and matter."

November 17, 1919, it was "ordered and decreed" that the demurrer should be sustained and the petition dismissed and that the defendant recover costs, from which ruling the plaintiff appeals, claiming that it was error.                          AFFIRMED.

For appellants there was a brief over the names of *Mr. Bradley A. Ewers* and *Messrs. Ganoe & Ganoe,* with an oral argument by *Mr. H. L. Ganoe.*

For respondent there was a brief with oral arguments by *Mr. Fred S. Wilhelm* and *Mr. Hamilton Johnston.*

JOHNS, J.—1, 2. The facts are peculiar. Plaintiff's judgment in the Circuit Court is based upon the promissory note which it held against Lambert. In an effort to collect its claim against him, a garnishee notice was served upon Kittie M. Stark personally, and as executrix of her deceased husband. In response to the notice she made answer to the effect that she did not have any property belonging to Lambert in her possession or under her control. Plaintiff then filed written allegations and interrogatories, to which she then made answer that at one time she did have forty shares of stock in the Union Laundry Co. held as a pledge to secure the promissory note of Lambert to the estate upon which there was due and owing $2,563.03, and that upon receipt of the full amount, she had transferred the stock to one, A. R. Ford.

It does not appear from the record as to whether the allegations and interrogatories were filed before or after judgment was rendered against Lambert. As-

suming without deciding that such proceedings could legally be taken after the rendition of judgment, upon a garnishment which was made before judgment was entered, the question is then presented as to what was plaintiff's remedy. At the time she was served with a garnishee notice by an order of the Probate Court of Multnomah County, Kittie M. Stark was the duly appointed, qualified, and acting executrix of the estate of her deceased husband. As such executrix she then held the forty shares of stock as collateral security for the payment of the $2,500 note of Lambert, which with accrued interest was then due and owing from him to the estate. There is no pretense that the plaintiff had any personal claim against the Stark estate. The claim which it was seeking to collect was against Lambert. There is nothing in the record of the Circuit Court which shows or tends to show that the plaintiff ever tendered or offered to pay the estate the amount of its claim against Lambert for which it held the laundry stock as collateral. Without the payment or the offer to pay the estate the amount of that claim, the plaintiff did not have any right or claim to the laundry stock, and the Circuit Court would not have any jurisdiction or authority over it. As a condition precedent to any authority or control over the stock, it was the duty of the plaintiff to pay or offer to pay the estate the full amount of its claim against Lambert. There is nothing in the proceedings of the Circuit Court in the case against Lambert to show that this was ever done.

In this condition of the record and without further proceedings in the Circuit Court against the garnishee in the Lambert case, the plaintiff "In the Matter of the Estate of T. M. Stark, Deceased," filed a petition against the defendant as executrix, in the Circuit Court

in probate, of Multnomah County, in which it alleges that it is ready and willing to pay into court the $2,563.03 and interest, and become subrogated to the rights of the estate to the stock in the Union Laundry Company and prays for an order canceling and surrendering the stock to the court, there to be dealt with in such manner as may be just and proper in the garnishee proceedings, on receipt of the money and interest.

Here again it will be noted that no legal tender of the money is made. In the absence of refusal or waiver, it is not sufficient to allege that a person is ready and willing to pay. To make a valid tender, the party must be ready and willing and offer to pay. In "Words and Phrases," volume 6, page 6910, it is said:

"Tender has a definite, legal signification. It imports, not merely the readiness and an ability to pay the money or to deliver over the deed or property at the time and place mentioned in the contract, but also the actual production of the thing to be paid or delivered over, and an offer of it to whom the tender is to be made.

"It is not enough that the party has the money in his pocket, and says to the creditor that he has it ready for him and asks him to take it, without showing the money.

"To constitute a valid, legal tender, there must be an actual offer of the sum due, unless the actual production of the money be dispensed with by a refusal to accept, or something equivalent thereto."

In *Smith* v. *Foster,* 5 Or., page 44, it is held that—

"The mere readiness and willingness of a debtor to pay a demand when due, amounts to nothing without an offer or tender of payment by him, and a refusal by the creditor."

In the instant case, no refusal or waiver is shown or alleged and no legal tender was ever made, and without

it the court would not have any jurisdiction to order the defendant to surrender or deliver the laundry stock. That point is decisive, and there is no occasion to consider any of the other questions presented on the appeal.

The judgment is affirmed.                    AFFIRMED.

Burnett, C. J., and Bean and Brown, JJ., concur.