Brown Garage Company, Appellant, v. A. G. Graben Motor Company et al., Appellees.

REPLEVIN: Alternate Judgment—When Money Judgment Effective. That part of a judgment in replevin which provides a *money* judgment in event that the possession of the property cannot be obtained becomes immediately effective (or at least authorizes the judgment plaintiff to so treat it) (1) when a demand for possession is made and refused, or (2) when the judgment defendant has by his own acts incapacitated himself from returning the property in a substantially undepreciated condition, compared with the condition when he took it.

Headnote 1: 34 Cyc. p. 1551, 1552.

*Appeal from Des Moines Municipal Court.—*J. E. Mershon, Judge.

NOVEMBER 17, 1925.

Action to restrain the defendant from proceeding with a sale under levy of an execution under an alternative judgment in a replevin action entitled Graben Motor Co. v. Brown Garage

Co.  The lower court held with the defendant, and the plaintiff appeals.—*Affirmed.*

*Parrish, Cohen, Guthrie & Watters,* for appellant.

*R. R. Nesbitt* and *P. W. Walters,* for appellees.

ALBERT, J.—The appellee Graben Motor Company obtained a judgment against the appellant, Brown Garage Company, in the municipal court of the city of Des Moines on November 16, 1922, for the immediate possession of one certain 1918 model Maxwell roadster, which judgment provided that, in event possession could not be had, judgment was entered for the value of said automobile in the sum of $175.  From the judgment entered, appeal was taken by the Brown Garage Company to the Supreme Court, and the case was finally affirmed on March 7, 1924.  Immediately after the entry of the judgment in the municipal court, appellee demanded the return of the automobile, but appellant refused its return, and appealed the case to this court.

On March 12, 1924, execution was issued by the clerk of the municipal court to collect the money judgment, "rather than for possession of the car."  The appellant thereupon tendered the car, and paid the balance of the judgment, together with all costs.  Later, levy was made on certain property belonging to the appellant, under and by virtue of the execution; and in this action appellant asked that appellee be restrained from selling under the execution, and that appellee be required to take the Maxwell car in full satisfaction of the judgment.  Appellee's claim was that, on account of the lapse of time by reason of the appeal to the Supreme Court, the car had so depreciated in value that it was practically worthless, and that the appellant could not at that late date satisfy the call of the judgment by tendering possession of the car.  A motion by appellant was also made to remand the execution issued, for the reason that it did not comply with the judgment.  It was agreed that the court could rule on this motion in connection with the trial of the principal case.

After the appeal was decided in this court, the original opinion having been filed on November 21, 1923, appellee filed an

election to take a money judgment, instead of possession of the car. The claim of appellant is that, having accepted the original judgment in its then form, they could not afterward recede and elect to take a money judgment. It is around this question primarily that the argument centers.

It is to be noted that this judgment is in the alternative. It provides first for the immediate return of the automobile, and, in event that possession cannot be had, judgment is entered for the value of the car, which value is $175. Appellant refused to deliver the car under the original judgment, and appealed. We are of the opinion that, when this judgment was entered, and demand was made on appellant to deliver the car, under the order of court, and they refused, this, by operation of the law, brought into effect the money judgment, or at least placed the appellee in a position to ask for an execution for the money judgment, instead of the car. Such seems to be the trend of authorities. See *Chesnut v. Sales,* 49 Mont. 318 (141 Pac. 986); *Hallidie Mach. Co. v. Whidbey Island S. & G. Co.,* 73 Wash. 403 (131 Pac. 1156).

Further than this, however, after the judgment was affirmed by this court, and execution placed in the hands of the officer, the appellant was not in a position to offer return of the car, and thereby satisfy the judgment. It is the duty of the judgment debtor, under such circumstances, and the law demands, that he must offer back the automobile in substantially the same condition as when it was taken, without deterioration in value. The evidence in this case shows without question that, while the jury valued the automobile at $175 at the time it was taken, it was not worth over $15 or $20 at the time it was tendered back. The appellant, by its own act, having placed itself in such a position that it was not able to comply with the order of court for return of the automobile in substantially the same condition as when it was taken, without deterioration in its value, cannot complain, as, under such circumstances, the appellee was entitled, under a judgment, to an execution for the money value of the car. *Jones v. Messenger,* 40 Colo. 37 (90 Pac. 64); *Capital Lbr. Co. v. Learned,* 36 Ore. 544 (59 Pac. 454); *Childs v. Wilkinson,* 15 Tex. Civ. App. 687 (40 S. W. 749); *Parker v. Simonds,* 8 Metc. (Mass.) 205; *Yelton v. Slink-*

ard, 85 Ind. 190; *Hazlett v. Witherspoon* (Miss.), 25 So. 150; *Irvin v. Smith*, 68 Wis. 227 (31 N. W. 912). In the case of *Fair v. Citizens' State Bank*, 69 Kan. 353 (76 Pac. 847), it is held that the return of a worthless promissory note, made so by the deterioration in value caused by the judgment debtor's retention of it, is not a compliance with the judgment. Owing to the fact that the car, when tendered back by the appellant, was so badly depreciated as to be almost worthless, and was so depreciated on account of its detention by the appellant, thus making it impossible to return the car in substantially the same condition it was in when taken, we hold that the appellee was entitled to an execution for the money value thereof. It follows, therefore, that appellant was not entitled to the injunctive remedy sought in this case, and the ruling of the district court in refusing such relief was justified.—*Affirmed*.

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.