### RICHEY v. STANLEY et al.

No. 4016.

Court of Civil Appeals of Texas. Texarkana.

May 1, 1931.

Rehearing Denied May 7, 1931.

Carney & Carney, of Atlanta, for appellant.

Bartlett & Harvey, of Linden, for appellees.

WILLSON, C. J. (after stating the case as above).

The contention here is that the finding of the trial court that the truck was delivered to the constable within the meaning of article 6853, R. S. 1925, was without evidence to support it. The only testimony with reference to the matter was that of appellee H. F. Stanley as a witness that within ten days after the judgment was rendered against him he "got in his car and went and offered the truck" to Richey and to the constable; that Richey said, "No, he did not want it (the truck) and would not have it" ; and that the constable said they would "get the money out of" him (the witness), and did not have to take the truck; that he (the witness), at all times after making such offers, had "stood ready and willing to tender it back," and was still "ready and willing to do so."

Certainly the testimony specified did not show a delivery of the truck to either Richey or the constable. Therefore the contention ought to be sustained and the judgment reversed, unless it should be said that the testimony specified showed such a tender of delivery of the truck as excused the failure to actually deliver it.

There was no evidence showing where the truck was at the time, or afterward; said H. F. Stanley testified he offered it to Richey and the constable, and there was no evidence showing that they (Richey and the constable) would not have accepted delivery of the truck had actual delivery thereof been tendered at a proper place at a time when the truck was present and in a condition to be so delivered.

The rule of law applicable seems to be that "a 'tender' requires not merely the readiness and ability to perform or pay, but also the actual production of the thing to be delivered over and an offer of it to the persons to whom the tender is to be made." Bane v. Ry. Co., 171 N. C. 328, 88 S. E. 477; St. George's Society v. Sawyer, 204 Iowa, 103, 214 N. W. 877; Jarecki Mfg. Co. v. Fleming, 130 Okl. 95, 265 P. 628, 57 A. L. R. 802; Childs v. Wilkinson, 15 Tex. Civ. App. 687, 40 S. W. 749; Price v. McCoy, 1 White & W. Civ. Cas. Ct. App. § 181, page 72; Hartman v. Stark, 99 Or. 596, 195 P. 1117; 38 Cyc. 143, 144. At page 143 of the work last cited it is said:

"In order to make a valid tender of either money or chattels, the thing to be tendered must be actually produced and offered to the party entitled thereto, a mere offer to pay being insufficient; and the tenderer must place the money or property in such a position that his control over it is relinquished for a sufficient time to enable the tenderee, if he so desires, to reduce it to possession by merely reaching out and laying hold of the money or thing; and a person is not bound to say whether or not he will accept the money or thing until it is produced."

As we view the record, the judgment is wrong. It will be reversed, and judgment will be rendered here denying appellees the relief they sought.